## Ex PARTE CHARLES BELAND.

### No. 7418.   Decided June 13, 1923.

**Habeas Corpus—Appeal—Rule Stated.**

Where relator presented to this court an original application for writ of habeas corpus, seeking a release from the penitentiary on the ground that the Criminal District Court of Tarrant County, was without power to revoke his suspended sentence; that the three years suspension had ex-

pired at the time the court undertook to act in the matter, and that such rev-
ocation must· be made within the period of suspension, etc., held, that the
writ of *habeas corpus* could not serve the office of an appeal, and the writ
must be denied. Following Thomas v. State, 87 Texas Crim. Rep., 419, and
other cases.

From Tarrant County.

Original Application for Writ of Habeas Corpus, asking release
from the penitentiary, etc.

The opinion states the case.

*John W. Baskin* for Relator.

*R. G. Storey,* Assistant Attorney General, for the State.    Cited
Hill v. State, No. 6678, recently decided.

HAWKINS, JUDGE.—On August 28th, 1918, relator was convicted
in the State Criminal District Court of Tarrant County of felony
theft, and his punishment fixed at three years confinement in the
penitentiary.    The sentence was suspended, however, upon recom-
mendation of the jury, and relator was released on his own recog-
nizance.    On November 30th, 1920 relator was convicted in the
Federal District Court for the Northern District of Texas, at Fort
Worth in said Tarrant County for violating the Federal ''Anti-
narcotic Law'' and on December 6th, 1920 was sentenced by that
court to serve two years in the United States penitentiary at Leaven-
worth, Kansas.    He remained in the county jail of Tarrant County
from the date of said last conviction November 30th to December
17th, 1920.    Although his subsequent conviction occurred within the
period of suspension under the conviction in the State Court, and
although he remained in the county jail of Tarrant County from
December 6th to December 17th after being sentenced in the Federal
Court, he was not brought before the State Criminal District Court
for the purpose of having set aside his suspended sentence granted
under the judgment of date August 28th, 1918, but on December
17th, 1920 he was taken to the Federal penitentiary at Leavenworth
in the State of Kansas.    Deducting the time allowed for good be-
havior while there his term expired on July 14th, 1922, on which
date he was taken into custody under a capias issued from the
Criminal District Court of Tarrant County, brought back and placed
in the Tarrant County jail, and on July 28th, 1922, the suspended
sentence granted on August 28th, 1918, was set aside by reason of the
subsequent conviction in the Federal court, and relator was then
sentenced to serve three years in the penitentiary under the former
conviction, the time beginning on July 14th, the date of the expira-
tion of the Federal sentence.    He was committed to the state pen-
itentiary under the latter order.

Relator presents to this court an original application for writ of habeas corpus seeking release from the penitentiary on the ground that the Criminal District Court of Tarrant County was without power to revoke the suspended sentence; that the three years suspension had expired at the time the court undertook to act in the matter, and that such revocation must be made within the period of suspension, and could not be made after its expiration. The question presented is one of much interest, and we regret that under the settled holdings of this court it cannot be considered.

A writ of habeas corpus cannot serve the office of an appeal. (See many authorities cited in Note 3, under Art. 160, Vernon's Code Cr. Proc., and under Section 239, Branch's Ann. P. C.). Relator could not appeal from the judgment of conviction wherein his sentence was suspended so long as the suspension was effective, because no sentence had been pronounced and the judgment was not final, but when the court revoked the suspension on July 28th, 1922, and pronounced sentence upon relator the judgment then became a final judgment and the right of appeal at once accrued, and this was the legal, adequate and statutory remedy. Article 856, C. C. P.; Bierman v. State, 73 Tex. Cr. Rep., 284, 164 S. W. Rep., 846; Ex parte Lawson, 76 Tex. Cr. Rep., 419, 175 S. W. Rep., 698; Thomas v. State, 87 Tex. Crim. Rep., 153, 219 S. W. Rep., 153.

For the reasons stated the application for the writ will be denied.

*Writ denied.*