## Ex Parte L. D. Stanford.

No. 9438.     Delivered May 6, 1925.

1.—Transporting  Intoxicating  Liquor—Sentence—Nunc  Pro  Tunc—Appeal
        From, Lies.

Relator herein was convicted in the District Court of Donley County of transporting intoxicating liquor, on April 18, 1924. He appealed from said conviction to this court, and on March 4, 1925 his appeal was dismissed be-

cause no sentence appeared in the record. On March 26, 1925, the district court of Donley County entered sentence *nunc pro tunc* sentencing appellant, as the court had the right to do. See Bennett v. State, 194 S. W. 148.

**2.—Same—Sentence—Continued.**

Instead of appealing from said sentence and judgment, appellant on March 24, 1925, filed his application for the writ of *habeas corpus* before the district court of Donley County, asking his release, under the apparent theory that as he had not been sentenced, a valid sentence could not be pronounced upon him, and from the order of the district judge remanding him, he appeals to this court.

**3.—Same—Habeas Corpus—Properly Refused—Where Appeal Lies.**

It is well settled that a writ of habeas corpus cannot serve the office of an appeal. Following Ex parte Beland, 252 S. W. 529 and authorities there cited. When sentenced on March 26, he had the right then to appeal from that judgment. This was his legal remedy. Following Bennett v. State, 194 S. W. 148.

Appeal from the District Court of Donley County. Tried below before the Hon. R. L. Templeton, Judge.

Appeal from an order of the District Judge of Donley remanding relator on hearing of his writ of habeas corpus.

The opinion states the case.

*R. H. Beville, J. R. Porter,* of Clarendon, and *Will S. Payne,* of Dallas, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—On April 18, 1924, applicant was convicted in the district court of Donley County for unlawfully transporting intoxicating liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

This case was appealed to this court, and on Jan. 14, 1925, was dismissed by the court because of insufficient recognizance. The recognizance was afterward corrected and again on March 4, 1925, said case was dismissed because the record showed no sentence. On March 26, 1925 the district Court of Donley County duly entered its nunc pro tunc order, sentencing said appellant to one year in the penitentiary. Applicant did not appeal from said nunc pro tunc order sentencing him to one year in the penitentiary, although he had a right to do so. Bennett v. State, 194 S. W. 148. Instead of appealing from said sentence and judgment, appellant on March 24, 1925, filed his application for the writ of habeas corpus before the district court of Donley County, asking his release under the apparent theory that as he had not been sentenced, a valid sentence could not be pronounced upon him, and said application having

been denied, applicant excepted and gave notice of appeal to this court.

It is well settled by the authorities that a writ of habeas corpus can not serve the office of an appeal. Ex parte Beland, 252 S. W. 529, and authorities there cited. It is true that applicant could not appeal from the conviction until he had been sentenced, but on March 26, 1925, when sentence was actually pronounced upon him, he had the right to appeal. See Bennett's case supra. This was his legal, statutory and adequate remedy.

For the reasons stated the district court properly refused to grant his writ of habeas corpus, and his action in so doing is hereby affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.