A. J. WHITTINGTON v. THE STATE.

No. 5461.  Decided June 25, 1919.

Rehearing granted October 22, 1919.

1.—Murder—Special Venire—Sheriff's Return—Statutes Construed—Rule Stated.

While article 669, C. C. P., provides that the sheriff's return on a special venire writ shall state the diligence that has been used to summon the jurors and the cause of failure to summons them, yet where the return consists of a general statement that the jurors could not be found after diligent search, the same is a substantial compliance with the requirement of the statute, unless the same is challenged by the defendant, and when it does not appear from the record that the appellant suffered injury from the failure of the sheriff to amend his return or from any lack of diligence on his part in executing the writ, there is no reversible error. Following Charles v. State, 13 Texas Crim. App., 658, and other cases.

2.—Same—Challenge for Cause—Practice on Appeal.

Where, upon appeal from a conviction of murder, it appeared from the record that while the challenge for cause of a certain juror should have been sustained, this juror did not sit on the jury who tried the defendant but was excused on peremptory challange by the defendant, who was allowed an additional peremptory challenge, and no objectionable jurors tried his case, although defendant claimed that two objectionable jurors were forced upon him, there was no reversible error, and in the absence of a statement of facts the judgment is affirmed.

Appeal from the Criminal District Court of Tarrant.  Tried below before the Hon. George E. Hosey.

(1)

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Baskin, Dodge, Eastus & Ammerman,* for appellant.—On question of sheriffs return on special venire writ: Brown v. State, 65 S. W. Rep., 912; Horn v. State, 97 id., 822; Logan v. State, 54 Texas Crim. Rep., 74, 111 S. W. Rep., 1028.

*E. A. Berry,* Assistant Attorney General, *Jesse M. Brown,* County Attorney, for the State.—On question of sheriff's return: Jones v. State, 214 S. W. Rep., 322, and cases cited in the opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder and given fifteen years in the penitentiary.

A venire of 360 jurors was drawn; 134 of these were not summoned. The return of the sheriff is that they could not be found after diligent search. The bill of exceptions is very lengthy, and the return of the sheriff was attacked. There was no amendment made or offered to the return. It is shown by the testimony of quite a number of the jurors who were not summoned, but who testified in regard to the diligence of the sheriff, that they were residents of the county; many of them of the City of Fort Worth; that their names are shown in the telephone book and directory, and could easily have been found, but if there was any inquiry made for them, or attempt to summon them, they were not aware of the fact. There was evidence that the attorneys for appellant secured a copy of the venire on Sunday morning and immediately instituted an investigation with reference to some of the jurors, and ascertained by the use of the telephone that they were residents of the city and easily accessible and were where they could easily be found. Here the matter rested. The venire was not quashed nor return amended. Appellant was forced to trial. Out of this venire there was a jury secured. We are of opinion under the cases of Brown v. State, 65 S. W. Rep., 912; Horn v. State, 50 Texas Crim. Rep., 404, and Logan v. State, 54 Texas Crim. Rep., 74, that the court was in error in not quashing the venire. The writer deems it unnecessary in view of the cited cases to discuss the matter. In the Logan case, *supra,* Judge Brooks, speaking for the court, said: "This motion should have been sustained. It does not show that degree of diligence to secure the attendance of the venire which the law requires," citing Horn v. State, *supra.*

It is not deemed necessary to set out the various grounds of the motion to quash. They all center in and around the main proposition that the diligence of the sheriff was not sufficient, and that by any ordinary diligence these jurors, or most of them, could have been had at the trial. Appellant had the right to have the jurors on

the special venire summoned out of which to make his selection, and unless there is some tangible, real reason why these jurors were not summoned, the venire should be set aside and a new one ordered. The return of the sheriff is not sufficient, it merely states that the jurors could not be found after diligent inquiry or search.

The other bills of exception with reference to the formation of the jury and the overruling of appellant's challenges for cause are not discussed as these matters will not arise upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

October 22, 1919.

MORROW, JUDGE.—In his return on the special venire writ, the sheriff states "and the following persons not found in Tarrant County after diligent search." This was followed by a list of one hundred and thirty-four of the veniremen named in the writ. The statute touching the duty of the sheriff contains the following: "The return shall state the names of those who have been summoned; and if any of those whose names are upon the list have not been summoned, the return shall state the diligence that has been used to summon them and the cause of the failure to summon them. C. C. P., Art. 669.

Our understanding of the rulings of this court in construing this statute is that failure of the sheriff in making his return to comply with the terms of this statute is not sufficient ground for quashing the venire writ, and that in the absence of any challenge on the part of the accused of the sufficiency of the return or of the diligence used by the sheriff to summon, that a general statement such as that used in the present instance, namely, "Not found in Tarrant County after diligent search" is regarded as a substantial compliance with the requirement of the statute. The accused, however, is not bound to accept such general statement as conclusive. He may, by a motion, assail the truth of the statement that the absent jurors could not be found after diligent search, and charge that diligence has not in fact been made; and he may demand that the sheriff, in lieu of his conclusion that he has used diligence, make an amended return showing at least in a general way what efforts he has made to summon the unsummoned jurors, and what his reasons are for failure to serve them with notice to appear in obedience to the writ; and where the sheriff fails to so amend his return, it is the duty of the court to require him to do so. In the case of Murray v. State, 21 Texas Crim. App., 466, the facts show that seven of the jurymen on the return were stricken from the list and not served. The court said, speaking of the sheriff, "but he failed to state in his return why this

was done, and in case they had not been summoned, then the return was defective in failing to state the diligence that had been used to summon them, and the cause of the failure to summon them as required by law.'' From the case of Rodriguez v. State, 23 Texas Court of Appeals, 503, on the subject, we insert the following quotation:

''Willson, Judge. Nine several bills of exception were reserved by the defendant, relating to the rulings of the court upon motions of defendant to quash the special and additional venires, and returns of the sheriff thereon, and other rulings made in the formation of the jury. None of these exceptions appear to us to be well taken. It was proper for the court, upon the application of the district attorney, to have the sheriff to amend his return upon the special venire, and thus meet the defect complained of in defendant's motion to quash said venire. (Murray v. The State, 21 Texas Ct. App., 466; Sterling v. The State, 15 id., 249; Washington v. State, 8 id., 377.) The amended return of the sheriff showed fully the diligence he had used in endeavoring to summon the jurors not summoned. The trial judge was satisfied with this amended return and the reasons therein stated for a failure to summon those not summoned, and we agree with the trial judge that the reasons stated for such failure are sufficient. It appears from the record that more than ordinary efforts were used by the court and the sheriff to obtain every person named in the venires. It is not required by the law that every person drawn as a juror upon a special or other venire shall be summoned, but only that reasonable diligence shall be exercised by the sheriff to summon them.''

In Furlow v. State, 41 Texas Crim. Rep., 12, the court, having before it a case in which the effort of the appellant was to quash the entire venire because the sheriff's return simply stated that a certain number of jurors ''could not be found in the county after diligent search and inquiry,'' held that while such return was not ground for quashing the venire, that ''on a proper motion appellant might have required the sheriff to make a more complete return as to the diligence used for the absent jurors.''

In the instant case, the motion filed by the appellant attacked the diligence used by the sheriff, and also attacked the sufficiency of his return, and was so framed that in response to it, the sheriff having failed to amend his return, the court was in error in overruling the motion without requiring the sheriff to amend his return so as to state as a fact, at least in a general way, the efforts made to serve the absent jurors and the reason for his failure to do so. Gay v. State, 40 Texas Crim. Rep., 242. The error, however, of failing to require the amendment of the sheriff's return is not one that would work a reversal of the judgment, unless, under the facts, the rights of the appellant were or may have been prejudiced. The county attorney filed an opposition to the motion to quash the return, and in this opposition set up a general statement to the effect ''that

either the sheriff or his deputies by personal effort upon their part undertook to find each of the jurors named, and called at the various residences of said named jurors for the purpose of summoning them to serve on the special venire; and undertook to locate and ascertain the whereabouts of said jurors by means of telephone and inquiry of the people who resided in the various communities and vicinities where said named jurors were reputed to reside.'' This opposition was not signed by the sheriff, and cannot be regarded as an effort on his part to amend his return. From the evidence introduced on the issue formed by the motion and opposition, the trial judge held that the sheriff was not, as a matter of fact, guilty of a failure to use reasonable diligence to execute the writ. We regard it as unnecessary to review the evidence upon which this finding was made, for the reason that it does not appear from the record that the appellant suffered injury from the failure of the sheriff to amend his return or from any lack of diligence on his part in executing the writ. The venire writ called for three hundred and sixty men. Of these two hundred and twenty-six were served, and there is no complaint that any of those served failed to attend. The jury was selected from the veniremen present without resorting to talesmen. In this state of the record no precedent is cited, and no sound reason occurs to us for reversing the judgment for lack of diligence. Charles v. State, 13 Texas Appeals, 658; Parker v. State, 33 Texas Crim. App., 111. If the bill disclosed that the number of veniremen attending was insufficient to permit the selection of an impartial jury (See Brown v. State, 65 S. W. Rep., 912), or some other matter was pointed out whereby the right of appellant to the benefit of a special venire was denied or obstructed by the failure of the court to quash the writ or require the sheriff to amend his return, the matter would appear in a different aspect.

The record discloses some bills of exception, calling in question the accuracy of the court's decision in passing upon challenges of some of the veniremen for cause. One of these, the juror Murphy, had been told by a friend and neighbor that in his opinion the appellant was guilty and ought to be hanged. This conversation, we understand from the record, occurred after Murphy had been summoned as a venireman; and the opinion expressed to him he stated he understood was obtained from those who knew more about it than his informant did, but that this informant, as he understood it, knew something of the facts. Murphy disclaimed the formation of any opinion and the possession of any bias or prejudice. We are of the opinion, however, that the facts would classify him as a biased juror, and that the challenge for cause should have been sustained. See Art. 692, Code of Criminal Procedure, subdivision 12, and cases listed, Vernon's Criminal Statutes, vol. 2, page 373, note 23. Murphy did not sit on the jury, but was excused on a peremptory challenge by the appellant. We understand the rule to be that the error of the court in refusing to sustain the challenge for cause does not necessarily re-

quire a reversal of the judgment. See Branch's Annotated Penal Code, Sec. 543; Loggins v. State, 12 Texas Crim. App., 65; Russell v. State, 53 Texas Crim. Rep., 500. In the instant case the court allowed the appellant an additional peremptory challenge; that is, he was allowed to exercise sixteen peremptory challenges. He claims, however, that two objectionable jurors were forced upon him. One of these was the juror Woods, and the other the juror Kell. We have examined the bills of exception, including the testimony of these jurors given on their *voir dire*, and we fail to find either of them to have been objectionable jurors within the meaning of the law. Neither had formed or expressed any opinion with reference to the guilt or innocence of the appellant; and there is shown by neither of the bills, so far as we are able to ascertain, any matter that would classify either of them as an objectionable juror within the rule announced by any of the cases upon the subject. See Branch's Annotated Penal Code, Sec. 541.

The record in this case is before us without a statement of facts. The sentence imposed is fifteen years confinement in the penitentiary for the offense of murder. There is no reason suggested for reversal save the matters discussed pertaining to the special venire, and, as we have indicated above, such irregularities as occurred are not shown to have resulted to the appellant's prejudice. We are, therefore, of the opinion that the motion should be granted, and the reversal heretofore entered set aside, and the judgment affirmed.

*Affirmed.*