MACK MATHEWS V. THE STATE.

No. 7536.   Decided March 21, 1923.

**1.—Murder—Continuance—Discretion of Court.**

Where the application for continuance did not purport to be a statutory one, and did not aver that the testimony could be had upon another trial, or that the motion was not made for delay, it appealed alone to the discretion of the judge, and in overruling it, there was no reversible error.

**2.—Same—Evidence—Voluntary Confession.**

Where, upon trial of murder, the defendant made a voluntary confession, and also testified to the same effect upon the trial, the question of the voluntary character of the confession becomes immaterial. Following Parker v. State, 91 Texas Crim. Rep., 68, 238 S. W. Rep., 948.

**3.—Same—Name of Defendant—No Variance—Evidence.**

Where the written confession introduced in evidence is signed "Mack Mathes," and was witnessed by two witnesses, and the indictment charged the defendant as "Mack Mathews," but the witnesses as well as defendant testified that he had signed the confession, an objection thereto was without merit.

**4.—Same—Jury and Jury Law—Practice on Appeal.**

Where defendant moved to quash the venire on the ground that the return did not show that all persons drawn on the venire were served, and showed that some persons served were not drawn, and that it did not show the diligence used by the sheriff, but it appeared from the record that all those jurors drawn were summoned, and the jury apparently obtained from them, there is no reversible error. Following Whittington v. State, 86 Texas Crim. Rep., 5, and other cases.

**5.—Same—Misconduct of Jury—Practice on Appeal.**

Where the statement of fact of the testimony heard on motion for new trial as to misconduct of jury was not filed within term time, the same could not be considered on appeal. Following Paroccini v. State, 90 Texas Crim. Rep., 320, and other cases.

Appeal from the District Court of Tyler.   Tried below before the Honorable D. F. Singleton.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

No brief on file for appellant.

R. G. *Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at death.   The deceased was the wife of the appellant.

By the written confession of the appellant and by his testimony upon the trial it was shown that he struck his wife with an axe several times while she was asleep in her bed; that the blows resulted in practically severing her head from her body.   Appellant was fifty-seven years of

age. He had recently married the deceased, who was his second wife. The homicide took place about ten days after their marriage. He claimed that shortly after the marriage, he was informed by one Allison that he had been going with the deceased for six years. Appellant mentioned this to his wife and she admitted her relations with Allison but said that they had ceased. Allison, appellant and deceased discussed the matter at appellant's home in the presence of each other, according to appellant's testimony. Allison departed and the wife became angry. This occurred on Sunday evening. On Monday night she went to church. Upon her return, she and her husband conversed for a while about the sermon, after which she retired.

Appellant testified that before the marriage he knew but little of her but that she gave him her word that she would try to live right and he placed his confidence in her; that he was away from home preaching on Sundays and at home during other parts of the week. In his words, we give his description of the homicide: "After she told me about those things it hurt me so bad, I got to worrying and studying over it until I didn't know what to do. I didn't think about doing anything to her, it hadn't come to my mind before then, the passion come on me; there was an axe by the fireplace that she had made a fire with, the passion come on me, and I just reached and got it, I couldn't say how many licks I hit her to save my life; well, I didn't know what to do. I goes over and sets the axe down and tried to get my suit of clothes; I goes on out and I said— you know I left my suit case setting in the middle of the floor, I got a hundred yards away from the house and turned around and went and got it, so that was all about it."

From his cross-examination, it appeared that after the homicide, he went to points in Texas and Louisiana. There was evidence corroborating the appellant as to the manner of the killing.

Appellant also testified that he was persuaded by promises to make the confession. The offense took place in March. The indictment was filed on the 6th day of August, and the trial took place on the 24th of that month. Attorneys were appointed by the court to represent the appellant. On the day before the case was called for trial, however, one of them declared his disqualification and another was appointed in his stead. In the motion for a continuance, these facts were recited: It was declared that one of the attorneys was not accustomed to practice criminal law and that he depended upon the co-counsel first appointed to prepare the case for trial; that after the appointment of the new attorney there was insufficient time within which to prepare the case for trial. It is stated in the application that the attorneys for appellant were advised by him that he desired to enter a plea of guilty; that he had been told by the sheriff and the county attorney at the time the confession was made that they would endeavor to get the court to be easy on him and that he informed them that he wanted to plead·

guilty and throw himself upon the mercy of the court. Relying upon this statement, according to the averment in the application, no effort was made to prepare the case for trial; that upon learning that the county attorney had not made any promises to join the appellant in asking for mercy and that the State would insist upon the jury assessing the death penalty, it was too late to prepare the case for trial.

It is averred that the homicide took place at Turpentine Camp, about twenty miles distant from the county seat; that there resided at the Camp a number of witnesses who would testify to facts and circumstances showing improper conduct of appellant's wife with other men. There is also an averment as to the absence of the sheriff by whom he expected to prove that before the written confession was made the sheriff had told the appellant that if he would make a confession the court would be easier on him and that he would speak a word to the court in appellant's behalf.

The application for continuance is such as was within the discretion of the trial court to overrule. The names of the witnesses who would testify to any material facts are not given. Considering the evidence developed upon the trial, even if the appellant had been able to procure witnesses testifying to the fact that his wife had been guilty of improper conduct, the trial court was justified in his conclusion that it would not change the result. The improper conduct would manifestly have related to a time prior to the marriage, and the appellant's wife, as we understand it, had in the household an illegitimate child. There is no suggestion in the motion that appellant had any excuse for the homicide or any defense to the prosecution; nor is it shown that any effort had been made to procure the attendance of the sheriff. The application does not purport to be a statutory one and does not aver that the testimony could be had upon another trial or that the motion was not made for delay. It was such an application as appealed alone to the trial judge and this court would not be in a position to review his action. The purported testimony of the sheriff apparently would have been of no avail for the reason that the confession agrees entirely with appellant's testimony on the trial, and even though the remarks mentioned were made, it could have no application to the testimony of the appellant upon the trial of his case in which he admitted that he had murdered his wife.

The voluntary testimony of the appellant to which we have adverted rendered the question of the voluntary character of the confession immaterial. Parker v. State, 91 Texas Crim. Rep., 68, 238 S. W. Rep., 948. The written confession introduced in evidence is signed "Mack Mathes." It was witnessed by two witnesses. In the indictment it appears as "Mack Mathews." Objection was made to the receipt of the confession upon the ground that it did not purport to have been signed by the appellant. On this issue the testimony of the subscribing witnesses and the county attorney was introduced in evidence, show-

ing without dispute that the signature to the confession was written by the appellant and witnessed by them in his presence; that they saw him sign it. Appellant also testified that he signed it. The objection, we think, is not meritorious.

A motion to quash the venire was made on the ground that the return did not show that all persons drawn on the venire were served and shows that some persons served were not drawn, and that it does not show the diligence used by the sheriff. Thirty-six men were ordered and the sheriff's return attached to the bill shows that they were all served by personal notice. On the return, after giving a list of all veniremen who were named in the writ, there appear seven other names. How or why these names appear on the return is not explained. Inasmuch, however, as all those drawn were summoned, and the jury apparently obtained from them, we are unable to comprehend the importance of the fact that there were additional names on the sheriff's return. If they were summoned, the appellant was not required to select from those on the return who were not on the venire list. The record does not show that he was required to treat any of them as veniremen. As the matter appears in the record, we fail to perceive any error in the court's ruling. Generally speaking, any irregularities in the sheriff's return which result in no harm to the accused are not ground for reversal. Charles v. State, 13 Texas Crim. App., 658; Parker v. State, 33 Texas Crim. Rep., 111; Whittington v. State, 86 Texas Crim. Rep., 5.

In another bill there is embraced testimony introduced to support an averment in the motion for new trial charging the misconduct of the jury. The court adjourned on the 9th of September, and the bill was not filed until the 2d of December following. Not having been filed within the time allowed by law, this court is not authorized to give it consideration. Bills of this kind should be filed during the term at which the case was tried. Paroccini v. State, 90 Texas Crim. Rep., 320; Probest v. State, 60 Texas Crim. Rep., 608; Black v. State, 41 Texas Crim. Rep., 185.

We find no error in the record and the evidence supports the verdict. The judgment is therefore affirmed.

*Affirmed.*