MONTY JACKSON v. THE STATE.

No. 13353.  Delivered April 23, 1930.
Rehearing denied May 21, 1930.
Reported in 27 S. W. (2d) 1102.

The opinion states the case.

. *Drew S. Davis* and *George G. Roane,* both of Houston, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

Deceased, E. C. Cornelius, was night watchman in the town of Simonton. On the 19th of June, 1929, appellant, Caleb Williams and Johnnie Williams, Jr., all of whom were negroes, went in an automobile to a celebration near Simonton. In returning home they came through Simonton and stopped their car near a gin. According to the res gestae statement of deceased, appellant and his companions were creating a disturbance, and he went to their car and asked them to go home. He said that one of the parties jumped out of the car and shot him, and that someone in the car also shot him. Deceased returned the fire and appellant was shot in the chin. We quote a part of the res gestae statement as follows:

"They just walked out of the car and went to shooting at me. They are awful; I have worried with them for two or three hours, and they have killed me."

Several witnesses heard the exchange of shots between the parties. They testified to having heard deceased make a statement relative to the matter a few minutes after the shooting took place. Deceased died in a hospital in a short time after he was shot.

Testifying in his own behalf, appellant admitted that he fired upon deceased, but declared that deceased shot at him first. He testified further that Johnnie Williams, Jr., also fired upon deceased after deceased had fired at him. He said that deceased approached the automobile and asked him and his companions to tell him who they were; that Johnnie Williams replied, "Oh you know who I am, this is Johnnie"; that deceased said: "G— d— you. Whenever I speak to you I want you to tell who you are"; that Johnnie Williams replied: "G— d— you"; that thereupon deceased pulled his pistol and shot him (appellant); that he returned one shot and fled; that Williams did the balance of the shooting.

There were no exceptions to the court's charge. It appears that the issues raised by the testimony were properly submitted.

As disclosed by bill of exception No. 1, appellant's attorneys filed a first application for a continuance wherein they asked that the case be continued in order that they might have sufficient time to prepare appellant's case for trial. The court qualified the bill of exception as follows: "That on the 25th day of September, 1929, the court appointed Rebel R. Robertson and Geo. G. Roane as counsel for the defendant and notified Robertson who was then in court of the appointment; that Geo. G. Roane called the court by 'phone on December 9, 1929, and notified him that Robertson was sick and probably would not be able to assist in the trial of the case and requested the court to appoint Drew S. Davis, an attorney at Houston, to assist him in the trial of the case. The court thereupon appointed said Drew S. Davis, as requested. That on the call of the case for trial on December 12, 1929, all the witnesses for defendant were present and defendant's attorneys had every opportunity to interrogate them before the trial."

It is not contended that appellant was arraigned until the expiration of at least two entire days after the day on which a copy of the indictment was served on him. Art. 493, C. C. P. Neither is it contended that the provisions of Art. 494, C. C. P. were not complied with, it appearing that appellant had more than one day to

prepare for trial after counsel were appointed. The reasons asserted in the application relative to the lack of preparation do not make it apparent that, in the time allowed, appellant's attorneys were unable to properly prepare for trial. It is merely stated in the application that the attorneys did not have sufficient time to acquaint themselves with the facts in the case; that several of the witnesses in defendant's behalf lived in the country; and that the roads were in bad condition on account of recent rains, rendering it impossible for appellant's attorneys to interview the witnesses and secure statements from them. The qualification of the court shows that all of the witnesses were present in court. There were few eye-witnesses to the transaction resulting in the homicide, and it is manifest from an examination of the record, that it would have consumed but little time for appellant to talk to the witnesses and learn the facts within their knowledge concerning the homicide. It appears that with the exception of Caleb Williams, who was jointly indicted with appellant, that all of the eye-witnesses to the homicide were present and testified in the case. Whether additional time should be accorded in the case is discretionary with the trial judge, subject to review on the showing that the discretion was abused. In the present case appellant was accorded the statutory time to prepare for trial. Considering the application in the light of the evidence and of the court's qualification to the bill of exception, we find no abuse of discretion on the part of the trial court in overruling the motion. Mathews v. State, 93 Tex. Cr. R. 650, 249 S. W. 1073; Apolinar v. State, 92 Tex. Cr. R. 583, 244 S. W. 813; McKenzie v. State, 11 S. W. (2d) 172.

Bill of exception No. 2 presents the following occurrence: The state proved by one of its witnesses that she heard several shots and later heard deceased say that he was shot, and that Monty Jackson shot him. Further this witness testified that deceased said: "They just walked out of the car and went to shooting at me. They were awful; I have worried with them for two or three hours and they have killed me." Appellant objected to the testimony of the witness on the ground that it was hearsay and involved facts and conditions unknown to appellant. The court qualified the bill of exception as follows: "That the witness, Mrs. Fred Reynolds, testified that the statement she heard made by deceased was made a few minutes after she heard the shooting, that deceased had walked about one hundred feet from the place of the shooting, that deceased stated that 'they have killed me.' That the facts show that deceased

was seriously wounded and was then suffering from the effect of said wounds. This testimony was admitted as part of the res gestae and also as a dying declaration." We are of the opinion that appellant's objection was not well taken. It is clear from the qualification of the court that the testimony objected to was res gestae. Branch's Annotated Penal Code, Section 83; Boothe v. State, 4 Tex. Cr. Apps. 208; Wilson v. State, 90 S. W. 312.

Bill of exception No. 3 deals with substantially the same testimony as the foregoing bill, except that appellant's objection in the present bill was interposed on the ground that a proper predicate had not been laid for the introduction of deceased's statement as a dying declaration. It appears from the bill that the statement objected to was made by deceased in the hospital after he had stated that appellant and his companions had killed him. The qualification appended to the bill shows that deceased had not been given an anaesthetic or medicine of any kind. As we understand the bill, the statement was made by deceased under a sense of impending death. Moreover, it appears that deceased was of sane mind at the time of making the declaration and that the other statutory requisites were present. A proper predicate having been laid, the declaration was admissible. Branch's Annotated Penal Code, Section 1862.

Bill of exception No. 4 complains of the action of the trial court in permitting the state to impeach its own witness Johnnie Williams, Jr., who was present in the automobile with appellant when deceased was killed, and had stated to the grand jury in the presence of the district attorney, that appellant fired the first shot when deceased was killed. Relying upon the statement the witness had made, the district attorney placed him upon the stand. To the surprise of the district attorney, the witness testified upon the trial that deceased fired upon appellant first and that appellant then returned the fire. The district attorney laid a proper predicate for the impeachment of the witness and thereafter took the stand and testified that the witness had told him when before the grand jury that appellant fired the first shot. Appellant objected to the testimony of the district attorney on the ground that it was hearsay and that the state had no right to impeach her own witness by showing that he had given contradictory testimony before the grand jury. It is the rule that the state may impeach her own witness by proof of contradictory statements where he testifies to either affirmative or negative facts injurious to the state's case. Section 164, Branch's Annotated Penal Code of Texas. However, a mere failure to make proof is no ground for

impeaching such witness. Where a party is surprised by the answer of a witness, which answer is hurtful to him, and when he is led to believe by the witness that the testimony would be favorable, under the statute, he has the right to contradict his own witness. Branch's Annotated Penal Code of Texas, Section 164, page 96. In the present case the witness testified to affirmative facts injurious to the state's case. It is apparent from the bill of exception that the district attorney was surprised by the answer of the witness. He had been led to believe by the testimony of the witness given before the grand jury that the witness would testify that appellant fired the first shot. The opinion is expressed that the bill of exception fails to manifest error. The testimony of the district attorney was properly limited in the charge of the court to the purposes of · impeachment.

Appellant contends that aside from the impeaching testimony of the district attorney there is no evidence that appellant fired the first shot. We are unable to agree with this contention. The res gestae statement and dying declaration of deceased were sufficient, if believed, to justify the conclusion that appellant shot deceased before deceased fired upon appellant.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of the able and courteous motion for rehearing, we have again reviewed this record. Counsel appointed to defend appellant had full opportunity to talk to him and the other defense witnesses, all of whom were present, as stated by the trial judge in his approval of bill of exception No. 1 which complains of the refusal of a continuance. Having this opportunity to ascertain the names of absent witnesses, and to learn facts expected of them, it would be reasonable that the application for continuance should state something else beside the conclusion that the attorneys appointed had not had time to prepare for trial. Nor does the motion for new trial, filed after all the witnesses had been heard, set up any facts which may have been brought out from witnesses indicating that the case was not fully developed and the testimony

all present. We think the court did not err in overruling the application.

The testimony of Mrs. Reynolds, complained of in bill of exception No. 2, was clearly res gestae. We are also of opinion that the testimony of Deputy Sheriff Bell, as to statements made to him by deceased, was admissible on the ground that the statements were dying declarations. The predicate was fully established as to the mental condition of deceased at the time and his expectation of death.

What was said in our original opinion disposing of the objection to the State's introduction of the witness Bassett to impeach State witness Johnnie Williams, appears to be in accord with established precedents. Beyond question said witness, who was introduced by the State, had testified contrary to his former testimony, and the State had the right, on the ground of surprise, to impeach him. There are only four bills of exception in the record.

Being unable to agree with any of the contentions made, the motion for rehearing will be overruled.

*Overruled.*