## HAROLD M. HANKAMER V. THE STATE.

No. 21486. Delivered March 19, 1941.
Rehearing Denied May 21, 1941.

24

The opinion states the case.

*W. Joe Bryan* and *Stanley W. Caufield, both* of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *Wm. E. Clayton* and

*Harold S. Long,* Assistant District Attorneys, all of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State on submission.

KRUEGER, Judge.

The offense is the conversion of funds of an estate of which appellant was administrator. His punishment was assessed at confinement in the State penitentiary for a term of three years.

This record shows that on the 15th day of November, 1933, appellant filed an application in the County Court of El Paso County, Texas, for letters of administration upon the Estate of Priscilla Hoehne, deceased. Notice of the filing of the application was given in regular form. On the 29th day of November, 1933, appellant was appointed by the Judge of the County Court of said county as administrator of said estate. He duly qualified as such and letters of administration were issued to him. Following his qualification he filed an inventory, appraisement and list of claims showing the property of the estate and the claims against it. At the time that appellant qualified as administrator of the estate, there was deposited in the State National Bank of El Paso, Texas, the sum of $173.92 belonging to said estate. Various sums of money were subsequently collected by him and certain United States Treasury Bonds and some notes came into his possession as administrator of said estate, which he converted into money. On the 5th day of January, 1935, appellant filed his first annual account in said estate, which showed that he had in his possession the sum of $4,358.88 in cash belonging to said estate. On June 1, 1936, he filed a report showing that he had cash on hand, belonging to said estate, in the sum of $4,483.82 after the payment of the expenses. On January 28, 1938, he filed a sworn account showing the condition of the estate as follows: Cash on hand $4,465.26. He then filed an account on October 10, 1939, showing that he had received from the Andrews Estate on the 12th day of September, 1939, for the use and benefit of the Hoehne Estate, of which he was administrator, the sum of $66.55. This annual account, which included the $66.55, showed that appellant had at that time $4,531.81 in his possession which belonged to said estate. For some reason the court declined to approve this last annual account and required the defendant to obtain and file a certificate from the bank showing that he actually had on deposit with the bank to the credit of said estate the

amount of money shown in his report. Appellant, who was also administrator of other estates, prepared a certificate showing that he had to the credit of such other estates something over $200.00. This certificate was written by appellant at the top of a legal-cap sheet of paper and a line was drawn near the bottom of the page for the signature of the Vice-President of the bank. After the Vice-President had signed the certificate at the place indicated, appellant took the certificate to his office, tore it off and then wrote a certificate above the signature of the Vice-President to the effect that there was on deposit with the bank the sum of $4,413.51 belonging to the Estate of Priscilla Hoehne, deceased, and filed the same. Thereupon the County Judge approved the account. Thereafter, on or about the 15th of August, 1940, the court approved a claim against the estate of which appellant was administrator and which claim had theretofore been allowed by the defendant, in the sum of $827.19 and ordered it paid. The attorney who represented the claimant demanded payment from the defendant of this approved claim. Appellant tendered him his post-dated personal check in payment thereof, which was declined. In explaining the offer of his personal check, appellant stated that the estate funds were in the savings account in the State National Bank of El Paso and that he would have to transfer funds from it in order to make the payment. This led to an investigation of the bank and disclosed that appellant had no funds in the bank but had dissipated the entire estate. After this discovery was made, appellant was called to the bank to explain his representations made to Mr. Bennis, attorney for the claimant of $827.19. Appellant then and there made a written verified statement in which he admitted that he had converted the funds of said estate to his own personal use and benefit.

Appellant's first complaint is that the court erred in declining to sustain his motion to quash the indictment. Omitting the formal parts, the indictment reads as follows:

" * * * that Harold M. Hankamer on or about the 17th day of August One Thousand Nine Hundred and Forty and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, was then and there the administrator of the estate of Mrs. Priscilla Hoehne, deceased, and as such had in his charge the estate, real, personal, and mixed, of the said Mrs. Priscilla Hoehne, deceased, and he did then and there unlawfully and with intent to defraud Margaret P. An-

derson, a creditor interested in such estate, and Edward Gilbert, Mae Wolf and Margaret P. Anderson, heirs, interested in such estate, convert to his own use the property of said estate, to-wit: Four thousand four hundred thirteen dollars and fifty-one cents in money, of the value of four thousand four hundred thirteen dollars and fifty-one cents, and which said property had theretofore come into the possession of and was then and there under the care and in charge of the said defendant, Harold M. Hankamer, as administrator of the estate of the said Mrs. Priscilla Hoehne, deceased, against the peace and dignity of the State."

We deem the indictment sufficient in that it follows the language of Article 1538 of the Penal Code. It also follows the form prescribed in Willson's Texas Criminal Forms, (4th Edition), page 356, Form No. 698. It is our opinion that the indictment is sufficient and that the court properly overruled the motion to quash.

Appellant next complains of the action of the trial court in overruling his application for a change of venue. The State contested this application and the court heard evidence thereon. Some twenty-nine witnesses were offered by the defendant on the issue thus formed. The State offered nine witnesses who testified that there was no such prejudice against the defendant as would prevent him from securing a fair and impartial trial. There was further evidence to the effect that there were some 17,000 or 18,000 qualified jurors in the county, and the names of the jurors for this case were drawn from the jury wheel. Moreover, no complaint is made that appellant was forced to take any objectionable jurors or that the jury was not obtained from the regular panel for the week.

Where the trial court hears evidence and if, from it there arises two conflicting theories, the trial court has the discretion of adopting either. In the absence of an abuse of this discretion, the judgment will not be disturbed on appeal. In our opinion, there is nothing in this record which shows an abuse of the court's discretion in deciding the issue adversely to the appellant's contention. In support of what we have said we refer to the case of Willis v. State, 81 S. W. (2d) 693. We therefore overrule appellant's contention.

Appellant next complains because the trial court overruled his motion for a continuance. We note that the application

does not set forth any statutory grounds for the continuance. It is based merely on equitable grounds appealing to the equitable power of the court. No contention is made that any material witness was absent or that any process had been issued for any witness who failed to appear or who had not been served with process. Appellant's only defense was that of limitation. Consequently no reversible error is reflected by the bill.

In the case of Sands v. State, 97 S. W. (2d) 190, this court said:

"The time allowed by the statute to prepare for trial had expired. The motion names no witnesses and fails to indicate any matter of defense. There is no suggestion in the record that the failure to grant the postponement resulted in any injury. On the hearing of the motion for new trial, the averments in the motion were not strengthened by the testimony of the appellant or any other witness. In short, there is nothing to show that if a delay had been accorded it would have availed appellant anything."

See also Mathews v. State, 249 S. W. 1072, 93 Tex. Cr. R. 650.

At the close of the testimony appellant requested the court to peremptorily instruct the jury to return a verdict of not guilty on the ground that the evidence showed that the funds of the estate had been converted by him to his own use more than three years prior to the time that the indictment was returned in this case. It is true the evidence showed that he converted all of the estate to his own use and benefit which came into his possession as administrator prior to the time that he filed his annual account in 1936 except $66.55 which came into his possession as administrator of said estate on September 12, 1939. On September 25, 1939, he had spent all of said $66.55 with the exception of $3.65. He claimed, however, that on the 2nd day of December, 1939, he paid $44.00 as premium on the administrator's bond in said estate; and on January 11, 1940, he paid one annual payment that had not been paid, making a total of $62.00; and he also claimed five per cent commission out of the $66.55. Under the facts stated, appellant was not entitled to the instruction requested. He had unquestionably converted the $66.55 to his own use and benefit before he ever made any payment of the premium on the bonds. The conversion was complete the moment he formed the intent to use the money for his private personal use and did so use it.

Appellant cites us to the case of Hamer v. State, 131 S. W. 813, 60 Tex. Cr. R. 341, as supporting his contention, and so it would but for the fact that he converted over Fifty Dollars of the money of said estate in 1939, which clearly is not barred by the statute of limitation. Hence the rule announced in that case does not control the disposition of this case.

By Bills of Exception Nos. 4 and 5 appellant complains because the court permitted the State to prove by the County Clerk of El Paso County that appellant had filed with said clerk in the Estate of Priscilla Hoehne, deceased, a certificate purporting to have been executed by the Vice-President of the bank showing that appellant had a deposit in the bank to the credit of the estate of $4,413.51, and that the court then permitted the Vice-President to testify that he did not give such certificate; that it was a forgery. Appellant objected to this evidence on the ground that such certificate was not required by the probate law relating to the filing of annual accounts; that it was immaterial and irrelevant and merely tended to prejudice the defendant before the jury. We are of the opinion that this testimony was admissible to show his intent. He repeatedly stated, while testifying in his own behalf, that he had no intent to defraud any one. However, on both direct and cross-examination, he testified fully, without objection, as to how and why he forged the certificate. Consequently he cannot complain of testimony introduced by the State which is similar in nature to that given by himself. See Sparkman v. State, 82 S. W. (2d) 972; Enix v. State, 112 Tex. Cr. R. 376. See also Vernon's Ann. Tex. C. C. P., Vol. 3, p. 271, note 32, where many cases are cited on the subject.

By Bill of Exception No. 6 complaint is made of the introduction in evidence of a verified statement made by appellant on the 17th day of August, 1940, in which he admitted that he converted the money of the estate to his own use and benefit; that he made false annual accounts and made the certificate in question to cover up his misdeeds and deceive the Judge of the County Court. His objection thereto was that he was not warned as required by the statute. In other words, he now claims that it was a voluntary confession while under arrest, and that not having been warned, it was not admissible in evidence. Appellant was not under arrest at the time. No charge had been preferred against him and none was filed until a week or ten days later. He was at liberty to go where

he desired and did go out of the bank once or twice and come back. There is not any fact or circumstance from which an inference could be drawn that he might have been under arrest. See Bailey v. State, 97 S. W. 694. Moreover, the defendant testified that every word and sentence in the affidavit was true.

Bills of Exception Nos. 8, 9, 10 and 11 show that appellant placed a number of witnesses on the stand who testified to his general good reputation as an honest and upright man, and also for truth and veracity. On cross-examination each of the witnesses was asked by the district attorney if he had heard that in the Estate of Mary Virginia Rankin, No. 6153, in the Probate Court, the defendant was appointed administrator in June, 1930; that he converted $200.00 of that estate to his own use. At the same time inquiry was made of the witnesses relative to another estate and the appellant's reception of money from Mr. Duke with which to pay off notes and the reception of money from Misses Farwell with which to pay delinquent taxes, but that in each instance appellant converted a part or all of said money. This testimony was admissible to test the accuracy of the knowledge of the witnesses to the matter about which they testified as well as the reliability of their testimony. See Chisum v. State, 60 S. W. (2d) 443; Stout v. State, 82 S. W. (2d) 676, and cases there cited.

Appellant addressed no objections to the court's charge. He did, however, present four special charges, two of which were given and two were refused. Appellant contends that the court erred in declining to give his requested instruction to the effect that if, after he qualified as administrator of the Estate of Priscilla Hoehne, deceased, he found a will which purported to have been made by her in which she bequeathed all the property of which she died seized and possessed to her brother, George B. Andrews, who predeceased her, and that he (defendant) immediately presented the same to the Judge of the Probate Court who advised its destruction and that thereupon appellant destroyed it, and that the finding of the will, whether probated or not, would immediately nullify his appointment as administrator of said estate and any act by him thereafter would not be done in his capacity as administrator. Whenever an administrator is appointed of an estate he continues to act until the will is probated and the executor has qualified. Such seems to us to be a proper construction of Article 3364, Revised Civil Statutes, 1925, which concludes as follows:

"All acts done by the first administrator, previous to the qualification of the executor or administrator with the will annexed shall be as valid as if no such will had been discovered."

However, it is our opinion that the requested charge, which is quite lengthy and for that reason has not been set out herein, was on the weight of the evidence.

All other matters complained of have had our most careful consideration, but no error requiring a reversal of this case has been found therein.

Having reached the conclusion that the record fails to disclose any error in the trial of the case, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

We have considered appellant's motion for rehearing and find nothing therein causing us to recede from the conclusions expressed in our original opinion.

The bill complaining of the argument of the district attorney was not apparently discussed in our original opinion, but it was not overlooked. We do not think it necessary to cumber this opinion with a recital of the argument complained of. The trial judge approved the bill with the following qualification:

"That the Court believed the argument was a proper comment on the evidence in the case and that Attorneys for Defendant in their arguments asked the jury for a suspended sentence and for an acquittal on the ground that the acts were shown by evidence to be barred by the statute of limitations."

We are in accord with the view of the trial judge in regard to the matter.

The motion for rehearing is overruled.