BEATRICE CHARLIE WILLIAMS v. THE STATE.

No. 23090. Delivered April 18, 1945.
Rehearing Denied June 6, 1945.

The opinion states the case.

*Robert C. Benavides* and *Irwin & Irwin,* all of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of aggravated assault and his punishment was assessed at confinement in the county jail for a period of 165 days.

He first complains of the court's action in declining to peremptorily instruct the jury to return a verdict of not guilty.

The record shows that prosecutrix, a white girl, was at the time of the commission of the offense, employed by the Southern Pacific Railroad Company, in the city of Dallas; that prior to that time she had been employed by S. H. Kress & Company as a saleslady; that she was later employed by the Times Herald; that while she was employed by S. H. Kress & Company, the appellant, a negro, came into that store on several occasions and purchased certain articles from her; that after she went to work for the Times Herald she would occasionally see him on the street when he would say, "How do you do," or "Hello"; that on the 19th day of July, 1943, she saw appellant on the street about 4:30 P. M., while waiting for a bus. At this time he asked her where she was working and she told him. On the following day while she was on her way from the office to the bus station for the purpose of going home, he followed her and

inquired of her if she still lived with her parents, to which she replied in the affirmative. He then asked her if she was married, to which she replied in the negative. Thereupon he asked at what place in Oak Cliff did she live, but she made no reply thereto. On the succeeding day (July 20th) when she was on her way to the bus station he again followed her, and when she arrived at the corner of Commerce and Preston Streets, he inquired of her if she got off duty every day at the same time, to which she replied, "At different times." On the next day (the day of the alleged offense) before leaving the office, she noticed the defendant sitting on the back steps of the Olive & Myers Furniture Company building, which was just across the street from the place where she was employed. She became apprehensive and informed Mr. Kelly, her boss, who in turn informed Mr. Hinton, a special officer for the Southern Pacific Railroad Company, of appellant's position. She left the office and walked to the corner of Preston and Commerce Streets for the purpose of taking a bus to her home; that on her way to the bus station appellant followed her for two blocks and overtook her at the bus stop, at which time and place he said to her, "How are you feeling ma'am?" to which she made no reply. He then touched her arm with the same inquiry. At this juncture of the occurrence the bus arrived and she got on it. Mr. Hinton, the special officer mentioned, and B. O. Alders, who had followed in an automobile to the bus stop, arrested the appellant after prosecutrix had entered the bus.

The foregoing is a brief statement of the facts proven by the State upon the trial. Appellant did not testify nor did he offer any affirmative defense.

In our opinion, the court did not err in declining to submit appellant's special requested peremptory instruction to the jury inasmuch as the evidence is deemed sufficient to authorize the court to submit the issue of his guilt to the jury for their determination. In support of the opinion here expressed we refer to the following authorities: Menach v. State, 97 S. W. 503; Porterfield v. State, 64 Tex. Cr. R. 179; Calliham v. State, 150 S. W. 617; Cuellar v. State, 69 Tex. Cr. R. 155, 154 S. W. 228; Fletcher v. State, 69 Tex. Cr. R. 135, 153 S. W. 1134.

Appellant's Bill of Exception No. 1 relates to the court's action in overruling his application for a continuance. The complaint and information charging him with the offense of aggravated assault were filed on the 21st day of July, 1943, at which time he employed an attorney to represent him on his trial;

that on or about the 18th day of September, 1944, more than a year later, said attorney withdrew from the case, and on the same day his sureties on his bail bond surrendered him; that on the 2nd day of October, 1944, he was re-arrested by the sheriff and placed in jail; that he immediately employed the firm of Irwin & Irwin to represent him; that said attorneys, on said date, secured his release from jail by giving a new bond; that on the afternoon of said date he and his attorneys were informed that his case was set for trial on the 4th day of October, 1944, which they claimed was not sufficient time in which his recently employed attorneys could properly prepare for trial. He does not assert in his application that there were any witnesses absent or that he had any witnesses who might give evidence in his behalf, nor does he claim that he was entitled to two full days after his re-arrest in which to file any pleadings. However, such contention would not have been of any avail to him since he had approximately fifteen months from the time the complaint and information were filed and he was arrested in which to file any special plea which he desired. An application for a continuance of this nature is strictly addressed to the discretion of the trial court and his conclusion on the merits thereof is binding on this court unless an abuse of discretion is shown. See Jackson v. State, 115 Tex. Cr. R. 395, 27 S. W. (2d) 1102; Mathews v. State, 93 Tex. Cr. R. 650.

Bill of Exception No. 2 complains of the testimony given by the prosecutrix to the effect that over a period of time from the year 1940 up to the time of the commission of the alleged offense appellant had, on various occasions, sought to engage her in conversation; that on two successive days preceding the day of the commission of the offense, as well as on that day, he followed her and inquired of her where she was employed, where she lived, and whether or not she was married. Appellant objected thereto on the ground that the same was remote, had no relation to the offense charged, and was irrelevant. We regard this evidence material on the issue of his intent. His previous conduct, as related by her, was a circumstance from which the jury could reasonably draw the conclusion that at the time he touched her on the arm in connection with his brazen effrontery, showed his evil intention.

Bill No. 3 is so general that it presents no error. Nowhere is the evidence given by Mr. Hinton set out.

The testimony given by the Assistant District Attorney is to the effect that he had set this case for trial on September 28,

1944, at which time appellant failed to appear, whereupon his bail bond was forfeited and he was subsequently placed in jail. Appellant objected to this testimony on various grounds which we do not deem necessary to state. This testimony was admissible upon the theory of flight from which an inference of guilty knowledge arose.

Bill No. 5 is clearly without merit, and we see no need to discuss the same.

Bill No. 6 is also without merit because the objection to the court's charge, as therein set forth, is too general and does not specifically point out the error complained of as required by Art. 658, C.C.P.

Bill No. 7 brings forward the complaint that the court did not charge on simple assault. This issue was not in the case.

By Bills of Exception Nos. 8 and 9 appellant complains of the action of the trial court in declining to submit his special requested charges. If the evidence had raised such issues, then he would have been entitled to such instruction, but as we understand the record, the issue was not raised by any evidence. Consequently he was not entitled to such instruction. However, the court in his charge, after instructing the jury that an assault or battery becomes aggravated when committed by an adult male person upon the person of a female, proceeded to instruct them in effect, although in somewhat different language, as that embraced in appellant's Requested Charge No. 9.

There are a number of objections urged to the court's charge but these are too general and do not specifically point out any error as required by Art. 658, C.C.P.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant again insists on a reversal of the case because of his complaint made and brought

forward by Bill of Exception No. 4, in which he objects to the testimony of the Prosecuting Attorney to the effect that appellant had failed to appear at the time his case was set for trial at a former date, and that his bond had been forfeited. Reliance is had on Sorrell v. State, 169 S. W. 299. We do not think this case will sustain the contention. In the Sorrell case, after the party on trial had failed to appear when his case was set and his bond had been forfeited, it is shown by the State that he returned to Texas from Louisiana and apologized to his bondsman for not having informed him that he was going away, and said he did not blame him for not going on his second bond. It will be observed that the court said this was immaterial matter, referring to the conversation between appellant and his former bondsman. The case was not reversed on account of this evidence and we do not think it should have been. It was merely suggested that inasmuch as the case was being reversed on other grounds, the evidence should be excluded at another trial as being irrelevant and immaterial.

The evidence in the case before us would not call for a reversal as being irrelevant and immaterial. We think it is proper evidence to show flight. The fact of the bond being forfeited was a part of the record made in the case on this point and added nothing to the injury which the proper evidence did to his case.

Motion for rehearing is overruled.