### PERRY BUHLER V. THE STATE.

No. 24032. Delivered May 5, 1948.

No attorney of record on appeal for appellant.

A. C. Winborn, Criminal District Attorney, and E. T. Branch, Assistant Criminal District Attorney, both of Houston, and Ernest S. Goens, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with an assault to murder one, J. H. Hooker, Jr., and upon his plea of guilt, he was assessed a term of five years in the penitentiary.

The facts show that appellant was a city policeman, and as such at the time in question he seemed to have become associated with the prosecuting witness who had spent the night in the city jail on a charge of drunkenness. Appellant released the witness on bail and they started on a new drinking spree. They consumed a quantity of beer at convenient bars and finally wound up at appellant's room where they continued such consumption. According to the State's testimony, appellant was in the bath room shaving and the prosecuting witness was in an adjoining room thereto when appellant, with a pistol, shot Mr. Hooker in the hip, inflicting a serious and dangerous wound, which called for about seven weeks in a hospital and also three operations. Immediately after the shooting appellant left after placing an old rusty pistol on the floor where Hooker lay.

There is only one bill of exceptions in the record and that relates to the action of the trial court in overruling appellant's motion for a continuance. It was alleged therein that Mr. Foreman, an attorney at the bar, was representing the appellant in this matter and was also on his bond; that on the day prior to the trial, October 8, 1947, Mr. Foreman surrendered appellant on his bond and told him that he was withdrawing from his case; that he would no longer represent him and advised him to obtain another attorney; that appellant was forced to obtain another attorney who was unfamiliar with his case and who had no opportunity to go into the facts nor talk to any of the desired witnesses and have subpoenas issued therefor; that he went to trial on the day succeeding the withdrawal of Mr. Foreman; that there were at least ten witnesses whom he desired to have present; that he did not know that Mr. Foreman would not represent him until late in the afternoon of the day preceding the trial, to-wit, October 8, 1947, which was too late for the new attorney to familiarize himself with the facts of the case. The State filed a controverting affidavit showing that appellant was arrested on May 19, 1947, charged with this offense; that he was indicted therefor on July 28, 1947; that the cause had been continued once because of the condition of Mr. Hooker, who was unable to appear; that the case was finally set on September 24, 1947, and notice thereof posted and process issued therefor; that neither appellant nor either of his attorneys caused process to issue for any witness and did not talk to any

of the State's witnesses who were then present at the trial. This application is defective in practically every requirement of the statute (Art. 543, C. C. P.) relative to the first application of a defendant for a continuance. Nor does the same appeal to us from an equitable standpoint. There had been no effort made to obtain witnesses prior to the trial and none were made thereafter. It was not shown who the desired witnesses were, nor what they would be expected to swear at the trial. The motion for a continuance does not comply with any of the requirements of the statute save Paragraph 5—"that the application is not made for delay." We are of the opinion that the court was correct in overruling the application. This application for a continuance is addressed to the sound discretion of the trial court. See Williams v. State, 148 Tex. Cr. R. 427, 187 S. W. (2d) 667, and cases there cited.

We think the facts are sufficient, and no error appearing in the record, the judgment is affirmed.