ANDREW HILL V. STATE.

No. 24039. May 26, 1948.
Rehearing Denied June 25, 1948.

Hon. E. Harold Beck, Judge Presiding.

*Dalby, Patman and Russell,* of Texarkana, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Andrew Hill was convicted of murder and assessed the death penalty.

The crime is alleged to have been committed in Bowie County, Texas, on Highway 82 west of Texarkana on November 8, 1947, around eleven o'clock at night. There is no controversy in the statement of material facts. Two officers were patrolling the highway late on Saturday night for the purpose of keeping the peace. During the same night Andrew Hill, a negro twenty-two years of age, together with six other negro men and two girls whose names were unknown to him, left Tidwell's beer joint on the highway about eleven o'clock at night. They were traveling in two cars, with the intention of driving across the country to another beer joint on Highway 67. Near the town of Leary the two officers came in contact with the front car and noticed that it did not have a tail light, as required by law. While they were talking to these negroes, the other car drove up and it was found that the driver of it had no license. One of the officers arrested the driver and took him to a justice of the peace. The remaining officer was to follow, but he did not do so. Thus the officers became separated.

From the written confession signed by appellant, as well as the testimony of other witnesses, it is shown that some confusion arose after the first officer had departed. Appellant was taken into custody by R. F. Talley, the officer remaining on the scene, and placed in the front seat of his car together with another negro. Two negroes got into the back seat of his car. Appellant said that he was sitting next to the officer and brushed against his gun. The officer put his hand back to protect the gun and when he did Hubbard, the other negro on the front seat,

reached across and grabbed for it. One of the negroes in the back seat grabbed the officer and assisted appellant and Hubbard in getting the gun. The appellant says that the gun went off while they were struggling; that he then took the gun himself and told his companions to go and get in their car. After they walked off appellant shot the officer one time with the officer's own pistol. The negroes then drove off together and, after circulating through the country, arrived at their respective homes some time during the night. Appellant was arrested as he rose from the bed after daylight the next morning at his father's home. He had the officer's pistol under his pillow. It showed to have been fired twice, as stated by the written confession. Mr. Talley died two days later.

The record is before us with three bills of exception. The first of these complains of the failure of the court to grant a motion for continuance. It is alleged and shown that the homicide took place on November 8th, that the three attorneys involved were appointed by the court to represent the defendant on November 13th. At this time the appellant had been taken for safe keeping to the jail at Paris, Texrs, some 90 miles distant. The chief ground relied on in said bill is that the attorneys did not have time to prepare the defense and that they had not had an opportunity to confer with their client. In reply to this the sheriff testified that he offered to take the attorneys to Paris and permit them to confer with the appellant. He said, "I took them over there last Sunday and they talked to him at that time." He said he had not taken him to another county because of any particular threat but that it was a general policy usually followed in that county when a serious offense has been committed.

Another ground for continuance is that another murder was committed in Texarkana on the same night, the victim being a white man, and a negro was accused of the murder but had not been arrested. Because of these killings strong feeling had arisen and a public meeting had been called in Miller County, in the town of Texarkana, Arkansas. The attorneys attended this meeting and discussion was had about the crime wave in the adjoining counties of Bowie in Texas and Miller in Arkansas. A summary of the evidence shows that the officers of the two counties had called this meeting; that it was attended by about seventy people, half of whom were officers and lawyers; that the greater portion were citizens of Arknasas with a small representation from Bowie County, Texas. The chief topic of discussion was for better law enforcement equipment for the

officers. They were asking for a radio system for their cars. They also made an appeal to good citizens to serve as jurors to eliminate the difficulty in getting juries for the trial of cases. We find nothing in the evidence to indicate that this meeting was the outgrowth of the indignation over the killing herein involved, or that the case now before us was particularly discussed though it was probably mentioned. We find nothing to require continuance of the case.

Bill of Exception No. 2 brings forward appellant's application for change of venue. This application was prepared in form as required by law. The attesting witnesses, however, came into court and their evidence is relied upon by the State in contesting the motion for change of venue. It can hardly be said that the evidence raised a question favorable to appellant. Even if it did, the action of the court in overruling the motion must be sustained.

Bill of Exception No. 3 complains of the introduction in evidence of the pistol with which deceased was killed. Mr. Hensley, the officer who arrested appellant, had no warrant. He had no search warrant authorizing him to enter the premises where appellant and the pistol were found. The evidence, however, hardly sustains the contention that the premises was entered without an invitation. Whatever question might be raised by this bill must fall in the face of the fact that appellant gave a voluntary written statement, introduced in evidence without objection, in which he admitted having the same pistol and turning it over to the officers at the time of his arrest. It is generally held that where articles are secured by an illegal search they are not admissible in evidence. However, if the accused testifies in his own behalf and admits the possession of the articles, their introduction is not reversible error.

The questions raised by the appeal are clearly defined. We have considered each of them and have reached the conclusion that no error appears of record.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing, appellant asserts that we erred in not sustaining his Bill of Exception No. 1 wherein he complains of the court's action in overruling his application for a

continuance based on the ground of insufficient time in which to confer with his attorneys before being placed on trial.

The record shows that on November 13, 1947, the court appointed three attorneys to represent appellant on the trial for the offense herein charged, but he was not tried until the 20th day of said month. The record further shows that Charlie Lee, S. T. Hubbard, Joe Johnson, and appellant were jointly indicted and charged with the murder of R. F. Talley; that they were arrested and placed in jail at Paris, Texas, for safe keeping; that the sheriff of Bowie County took appellant's attorneys to Paris with the purpose of giving them an opportunity to confer with appellant and that they did do so. Moreover, appellant made a written confession in which he admitted killing Mr. Talley. This confession was admitted in evidence without any question on his part. He did not offer or attempt to offer any defense, excuse, justification, or mitigating circumstance for the commission of the offense, nor did he in his application for a continuance even suggest any. It was not claimed that any witnesses which he might have used were absent. Consequently, under the facts here presented, it seems to us that time, even if the court had given him 30 days, would not have benefited him in any way, nor would any number of conferences with his attorneys have helped him in any way. The motion which was addressed to the sound discretion of the trial court was not based on statutory but on equitable grounds. Unless it is made to appear that the court abused his discretion with respect thereto, we would not be authorized to reverse the judgment of conviction. See Williams v. State, 148 Tex. Cr. R. 427 (187 S. W. (2d) 667); Jackson v. State, 115 Tex. Cr. R. 395 (27 S. W. (2d) 1102); and Mathews v. State, 93 Tex. Cr. R. 650 (249 S. W. 1072).

Since no abuse of discretion on the part of the trial court is shown, the motion for rehearing is overruled.

Opinion approved by the Court.