## Augustine Herrera v. The State.

### No. 3306. Decided November 4, 1914.

**1.—Murder—Malice—Implied Malice—Charge of Court.**

Where defendant was indicted under the former statute for murder, which contained two degrees, and elected to be tried thereunder, the failure of the court to define express and implied malice, to which his attention had been called by the requested charges, and objections to the main charge, the same was reversible error.

**2.—Same—Manslaughter—Charge of Court—Adequate Cause.**

Where, upon trial of murder, the evidence raised statutory adequate cause, a failure to instruct upon manslaughter, to which the court's attention had been directed and proper objections made before the court's charge failing to define manslaughter was read to the jury, the same was reversible error.

**3.—Same—Circumstantial Evidence—Charge of Court.**

Where the State's witness identified the defendant as the person who fired the fatal shot, the court did not err in refusing to charge on circumstantial evidence.

**4.—Same—Date of Offense—Variance.**

Where the date of the offense was charged on the 19th of March, and the evidence showed that the same occurred on the 29th of that month, upon trial of murder, there was no variance.

**5.—Same—Evidence—Contradicting Witness.**

Where the State did not place on the witness stand a certain person, there was no error in excluding testimony as to contradictory statements made by said person outside of court.

**6.—Same—Evidence—Hearsay Testimony.**

Upon trial of murder, there was no error in excluding hearsay testimony with reference to the arrest of a third party as the man who killed the deceased.

**7.—Same—Continuance—Practice on Appeal.**

Where the application for continuance is not in the record, the same can not be considered on appeal; besides, the judgment is reversed and the cause remanded upon other grounds.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of murder; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted for murder, and his punishment assessed at imprisonment in the penitentiary for life.

The State's evidence would have the killing take place under the following circumstances: Mattie Dyson testified that Alonzo Watkins drove up in an automobile, got out and went into a chop house, leaving his overcoat in the automobile; that a Mexican approached the automobile and took out the overcoat, starting off with it. Just at this time Watkins came out and she informed him that a Mexican had taken his overcoat out of the automobile, and pointed out the Mexican. Watkins walked up to the Mexican and asked: "Whose coat is that you have got?" the Mexican replying, "It is mine," when Watkins said, "I beg your pardon, it is mine," and then the Mexican handed the coat to Watkins. She identifies appellant as this Mexican. The State's testimony then shows that the deceased, an officer in citizen's clothing, then stepped up and placed his hand on the Mexican's shoulder, who shot and killed the officer.

Defendant, by the testimony offered in his behalf, would deny that he was this Mexican, and undertook to prove an alibi by showing that he was in Austin at or about this time. He then offered testimony that the killing took place under the following circumstances, whoever killed the officer: Watkins testifies as the Mexican handed him the coat, the officer stepped up and struck the Mexican in the face and he staggered back. That the officer continued to strike him, striking him several blows, when the Mexican pulled the pistol and shot. The evidence further shows that the Mexican who did the killing was a small, slender man, weighing about one hundred and thirty pounds, while the policeman was a "large man, well built, and a powerful man, weighing from 170 to 180 pounds, and was a very strong man."

The offense is proven to have been committed March 29, 1913. The law defining the offense of murder so as to embrace a killing, both upon express and implied malice, and repealing the statutes dividing murder into the first and second degree—first degree upon express malice, and second degree upon implied malice—was not approved until April 3, 1913, and did not go into effect until July 1, 1913, therefore, appellant was entitled to have the jury instructed the law as it existed at the time of the killing. The court did not define express malice and implied malice, nor instructed the jury that a killing upon implied malice was punishable only by imprisonment in the penitentiary for any term of years not less than five. Appellant presented to the court a special charge requesting him to so instruct the jury, which charge was by the court refused. In this the court erred. In the record there is what is termed objections to the charge as given by the court, in which the following objection was urged: "Said charge is in error because it does not set forth the law of murder in the second degree, the evidence

sustaining an issue of this character in that defendant had never seen
deceased before the time of the killing; they were utter strangers to
each other, and the first notice that defendant had of the deceased was
an unprovoked blow in the face wherein he was staggered back, he
knew nothing of the assault and battery until he was struck in the face,
and the evidence did not show any knowledge of deceased or of an
intended assault, and there was no premeditation or forethought as set
forth in the law to make the offense one of murder in the first degree;
and the charge of court is in error in not charging second degree mur-
der." This objection, together with the special charge requested by
appellant, sufficiently called the attention to the court to the fact that
he had failed to define implied malice and instruct the jury in regard
thereto, and was also an election by appellant to be tried under the law
as it existed at the time of the commission of the alleged offense. (Arts.
15, 17 and 18.)

Again appellant prepared a special charge defining manslaughter, and
asked that it be given. In the objections made before the charge was
read to the jury, appellant objected to the charge because the court
failed to submit the issue of manslaughter, reciting that portion of the
evidence which he deemed raised the issue. According to the evidence
offered by appellant, at the time the coat was handed to Watkins, the
officer, a large, heavy man, struck the Mexican a blow in the face with-
out saying a word, and when the blow staggered the Mexican back, he
pursued, continuing to rain blows on him. Our statute declares that
an assault causing pain shall be deemed adequate cause to reduce an
offense to manslaughter. The court should have so instructed the
jury, and if they found that the officer did assault the Mexican, without
provocation, and that the blow or blows caused pain, give them the
privilege of finding appellant guilty of this grade of offense.

As Mattie Dyson identified appellant as the person who fired the
fatal shot, the court did not err in refusing the charge on circumstantial
evidence.

The fact that the indictment charged the offense to have been com-
mitted on or about March 19th, while the evidence shows the killing
took place on March 29th, presents no variance, and the court did not
err in so holding.

Mattie Lee Avery was not introduced as a witness by either the State
or defendant, therefore the court ruled properly in excluding the testi-
mony of the witness Cisneros, who would have testified that Mattie Lee
Avery identified another person than appellant as the person who killed
the officer. If appellant desired to prove that fact Mattie Lee Avery
was in attendance on court.

As Mattie Dyson testified that she at one time caused the arrest of
Augustine Gonzales as the man who killed deceased, there was no error
in excluding the hearsay testimony in regard to that arrest.

The application for a continuance is not in the record, consequently
we can not review this ruling of the court. If appellant desires the

attendance of the witness Daniel Cruz, he will have an opportunity to secure his attendance on another trial.

The other bills in the record present no error, but on account of the matters hereinbefore discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*