EX PARTE, B. L. LOVEL.

No. 9500.  Delivered October 21, 1925.

**1.—Habeas Corpus—Original Proceeding—Writ D'enied.**

Where an original writ of habeas corpus is presented to this court seeking release from a judgment of conviction for murder on the grounds that the proof upon the trial showed that the homicide was different from that alleged in the indictment is without merit. The state is not bound by the date alleged in the indictment, but is permitted to prove any date anterior to the presentment of the indictment, and within the statute of limitation. See Sec. 439 Branch's P. C. for citation of authorities.

**2.—Same—Habeas Corpus—Cannot Supersede Appeal.**

It is well settled by statute and by the decisions of this court that the writ of Habeas Corpus cannot serve the office of an appeal, and appellants remedy in the instant case was by an appeal from the judgment of the District Court. The writ of habeas corpus should be, and the same is, in all things refused.

An original application for a writ of habeas corpus filed in this court seeking relief from a conviction of relator of the offense of murder in the District Court of Madison County.

· *B. L. Lovel,* relator, in his own behalf.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, or the State.

BERRY, JUDGE.—This is an original application for the writ of habeas corpus.

On the 27th day of April, 1922, the applicant herein was by proper judgment of the district court of Ellis County sentenced to the penitentiary for a term of twenty-five years, for the offense of murder, wherein the indictment charged that on or about the 27th day of October, 1921, appellant killed J. N. Hale. This indictment was returned by the grand jury of Ellis county on the 12th day of January, A. D. 1922.

The applicant contends that as the indictment charged that the offense was committed on the 27th day of October, 1921, and as the proof showed that the offense was actually committed on the 27th day of September, 1921, if committed at all, and as the proof showed that applicant was in jail on the 27th day of October, 1921, that the indictment therefore charged an impossible date and that he is entitled to be released. As we gather from the application, it is the applicant's contention that where the indictment charges an

offense to have been committed on the 27th day of October, it will not be permissible for the State to prove that the offense was actually committed at any other time than the exact date alleged in the indictment.

There is no merit in applicant's contention. "The State is not bound by the date alleged and may prove that the offense was committed before, on or after the date alleged, if the date proven be a date anterior to the presentment of the indictment, and not so remote as to be barred by limitation." See Sec. 439 Branch's P. C., for full citation of authorities sustaining ·this proposition.

This case might well have been disposed of on the theory that the writ of *habeas corpus* was not the appellant's proper remedy. It is well settled by the authorities that a writ of *habeas corpus* cannot serve the office of an appeal. Ex parte Beland, 94 Tex. Crim. Rep. 614, 252 S. W., 529; Ex parte Stanford, 271 S. W., 924.

There being no merit in the applicant's contention, it is the order of this court that the writ of *habeas corpus should be refused.*

*Writ refused.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.