JESUS FLORES v. THE STATE.

No. 19836. Delivered October 26, 1938.
Rehearing denied (without written opinion) November 23, 1938.

The opinion states the case.

*Fred H. Woodard,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for robbery; punishment assessed is confinement in the State Penitentiary for a term of five years.

Appellant's first contention is that the court erred in declining to peremptorily instruct the jury to return a verdict of not guilty because the evidence was insufficient to warrant and sustain his conviction. We can not agree with him.

The State's testimony shows that B. Ray Smith, the injured party, was engaged in the practice of law in the city of Corpus

Christi. On the night of November 25 while in his office consulting with clients, some person called him by telephone and asked him to come to a certain place in the city where one of his clients had been injured seriously in an automobile accident. Smith went to the place as requested and found appellant awaiting his arrival. He saw no evidence of a collision or wreck, and inquired of appellant as to the whereabouts of the same. Appellant told Smith to follow him and he would take him to it, and together they proceeded toward the place of the supposed wreck. When they reached a point near a beer tavern, appellant claimed he saw the collision and that since it upset his nerves, he was in need of a stimulant. He consumed three bottles of beer while Smith drank only a part of one bottle. Becoming suspicious, Smith left and proceeded up the street. Appellant followed him and Smith began running, but was overtaken and robbed of all his money. While appellant was rifling his pocket, Smith took a fountain pen from his coat pocket and stuck it into appellant's back near the shoulder.

About an hour later the police arrested appellant and Smith identified him as his assailant. An examination of his coat, shirt and back, disclosed a stab with the fountain pen with the accompanying ink stains. Appellant denied that he was the party who robbed Smith, if he was robbed, and alleged that at the time of the robbery he was at a different place. In this he was supported by some other witnesses.

The testimony clearly raised an issue of fact which the jury decided adversely to appellant. Under the law, the jury are the exclusive judges of the facts proved, the credibility of the witnesses and the weight to be given to their testimony, and their decision on a controverted issue of fact is binding on this Court.

By bill of exception number one, appellant complains because the court declined to instruct the jury on the law of circumstantial evidence. If the case rested entirely upon circumstantial evidence, his contention would be well founded, but in this case there is direct and positive testimony introduced by the State which, if true, establishes his guilt. Hence there was no need for an instruction on the law of circumstantial evidence. See Russell v. State, 38 Texas Crim. Rep. 590, 44 S. W. 159; Alexander v. State, 40 Texas Crim. Rep. 395, 49 S. W. 229; Herrera v. State, 170 S. W. 719; Egbert v. State, 176 S. W. 560.

Appellant urged a number of objections to the court's main charge. We have examined the charge in the light of the objec-

tions and reached the conclusion that it is not subject to the criticisms addressed thereto.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.