MARSHALL LAMKIN, *alias* MARSHALL LAMKINS V. STATE

No. 27,762. February 20, 1957.
Appellant's Motion for Rehearing Overruled May 1, 1957.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) May 29, 1957.

*Kenneth R. Lamkin,* and *Joe B. Fleming,* Austin, for appellant.

*Wallace T. Barber,* District Attorney, San Marcos, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, death.

The state's testimony shows that the appellant operated a shine parlor located in a building adjoining a place of business operated by the deceased, Ernest Webb, Jr. On the afternoon in question, as the deceased, his wife and small daughter were walking on the sidewalk and nearing his place of business, the appellant was heard cursing in his shine parlor. The deceased proceeded to walk to the door and to tell the appellant to stop cursing in front of his wife and daughter. After he had turned around and walked back on the sidewalk, appellant shot the deceased with a twelve gauge shot gun, inflicting a wound in his left chest from which he died nine days later.

The state's testimony further shows that after firing the fatal shot the appellant called City Marshall Dedeker on the telephone and, in telling him of the shooting, stated: "I shot Ernest Webb, Jr." and "I have been wanting to kill him or shoot him for a long time." It is further shown that prior to the shooting, the appellant had threatened the life of the deceased.

Appellant did not testify or offer any witness in his behalf.

Appellant's appeal is predicated upon five bills of exception.

By Bill of Exception No. 1 he complains of the action of the court in overruling his application for a continuance on the ground that his attorneys had not had sufficient time to properly prepare his defense.

The application is shown to have been signed and sworn to by both of appellant's attorneys but was not signed and sworn to by the appellant as required by Art. 545, V.A.C.C.P.

The record shows that the indictment was returned on the 21st day of June, 1956; appellant was served with a copy thereof on such date and the case was set for trial on June 27, 1956.

It is certified by the court in his qualification to the bill that each of appellant's attorneys informed him on June 21, 1956, that they represented the appellant; that all known witnesses resided in or near the city of Luling and could have been easily contacted within one or two days; that appellant's attorneys admitted they made no attempt to contact any witness prior to June 25, 1956; and that either one or both of said attorneys admitted that the reason they were not more fully prepared was that they had been busy on another case or cases subsequent to June 21, 1956.

The application for continuance was not based upon any statutory ground and was therefore addressed to the sound discretion of the trial judge. Williams v. State, 148 Texas Cr. Rep. 427, 187 S.W. 2d 667; and Jones v. State, 156 Texas Cr. Rep. 248, 240 S.W. 2d 771. Under the record it does not appear that the court abused his discretion in overruling the same; hence, no error is shown.

By Bill of Exception No. 2 appellant complains of the action of the court in overruling his motion to quash the indictment on the grounds of racial discrimination in the selection of the jury commission and the grand jury which returned and presented the indictment against him.

Appellant alleged in the motion that the district judge of Caldwell County and his predecessors had systematically appointed only persons of the white race to serve on the grand jury commissions and that the jury commissions so appointed had systematically and arbitrarily discriminated against the Negro race, of which he was a member, by excluding Negroes from grand jury service and where not excluded by limiting the number to one.

It was further alleged that the grand jury commission practiced discrimination in selecting the grand jury which returned the indictment against appellant by systematically and intentionally limiting the members of the Negro race who served on the grand jury to one.

The court, in approving the bill, qualified the same by certifying that the evidence presented by appellant on the hearing of the motion wholly failed to support his contention of discrimination but, on the contrary, positively shows that there was no discrimination against the Negro race.

The evidence shows that one member of the grand jury which presented the indictment against the appellant was a Negro, and that Negroes had served on other prior grand juries selected in the county. It was further shown that jury commissions appointed by the district judge and his predecessors had been instructed not to discriminate against any person due to race, color or creed. The three jury commissioners who selected the grand jury panel from which the grand jury was selected that presented the indictment against appellant testified on the hearing. Commissioner Moore testified that she picked a Negro from Lockhart but did not know whether he served on the grand jury, and that she picked people whom she thought would be responsible and qualified for the job. Mrs. Harper, another commissioner, testified that the judge instructed the commission not to discriminate due to color, race or creed; that she did not discriminate and tried to pick a grand jury whom she thought was best qualified. Commissioner Rabon testified that in selecting those on the grand jury panel he did not discriminate against anyone because of race or color, but picked names by qualification and not by race.

No evidence was offered showing the number of Negro citizens of Caldwell County who were qualified for grand jury service.

We think the evidence presented supports the trial judge's qualification and fails to support appellant's contention.

The mere fact that no Negro was appointed on the jury commission is insufficient to show racial discrimination. Morris v. State, 158 Texas Cr. Rep. 516, 251 S.W. 2d 731, cert. denied 345 U.S. 951, 97 L. Ed. 1374, and Addison v. State, 160 Texas Cr. Rep. 1, 271 S.W. 2d 947. The evidence fails to show a systematic discrimination against the Negro race by the jury commission

of Caldwell County in selecting grand jurors in the county, including the grand jury which returned the indictment against appellant. There is no contention made that discrimination invaded the selection of the jury which tried the accused.

Bill of Exception No. 3 presents appellant's complaint to the action of the court in overruling his application for change of venue in which it is alleged that there existed in the county so great a prejudice against the appellant that he could not obtain a fair and impartial trial.

The record does not contain a transcript of any evidence adduced upon the hearing and the court, in his qualification to the bill, certifies that appellant produced "no evidence showing any valid basis for a change of venue in this case" and that out of the one hundred special veniremen summoned it was necessary to question less than fifty in order to obtain twelve qualified jurors, and that appellant used only seven of his peremptory challenges. Under the court's qualification of the bill, which appellant accepted, clearly no error is shown in the court's refusing to change the venue.

Bill of Exception No. 4 presents certain contentions urged by the appellant in his motion in arrest of judgment which was denied by the court.

It is first contended that the indictment was returned by an illegally constituted grand jury because, after it had been empaneled and discharged for the term, upon being recalled the court empaneled another person to replace a member who had died.

In the recent case of Sandoval v. State, 162 Texas Cr. Rep. 370, 285 S.W. 2d 222, under similar facts we held that a trial judge had such authority under the provisions of Articles 349 and 372 V.A.C.C.P. The contention is therefore overruled.

It is next contended that the indictment was void because a member of the grand jury which returned the indictment against appellant was related to the deceased, the degree of kinship being that of first cousin.

In his brief, appellant does not question the juror's qualification but insists that due to his relationship with the deceased he should have been disqualified and replaced by another person.

We find no merit in appellant's contention. The grand juror was not disqualified because of his relationship with the deceased under any of the provisions of Art. 339 V.A.C.C.P. which prescribes the qualifications of a grand juror, or under Art. 362 which prescribes the causes for challenge to a particular grand juror. Furthermore, appellant waived his objection to the grand juror by failing to challenge his qualification in his motion to quash the indictment. Tyson v. State, 146 Texas Cr. Rep. 128, 171 S.W. 2d 496.

It was further urged in the motion that the indictment was defective because it alleged that the appellant killed the deceased "on or about the 9th day of June, 1956" whereas the evidence shows that the deceased did not die until June 18, 1956. Appellant's contention is without merit as the rule is well settled that the state is not bound by the date alleged in the indictment and may prove that an offense was committed before, on, or after the date alleged, so long as the date is anterior to the presentment of the indictment and not barred by limitations. Branch's Ann. P.C. 1st Ed., Sec. 439, p. 231; 22 Texas Jur., Sec. 122, p. 621; Ex Parte Lovel, 101 Texas Cr. Rep. 576, 276 S.W. 428; and Herrera v. State, 75 Texas Cr. Rep. 120, 170 S.W. 719.

Bill of Exception No. 5 presents certain contentions which were urged by appellant as grounds for a new trial.

One of the grounds urged was that the court had communicated with the jury other than in open court and in the presence of appellant and his counsel in violation of the provisions of Arts. 676, 677 and 679 V.A.C.C.P.

It is certified by the court in his qualification to the bill that when the jury sent an interrogatory to the court, the appellant and his attorneys were in the courtroom and that the court replied in writing that he could not answer the question. The court further certified that neither the appellant nor his attorneys made any objection to the answer which he sent back to the jury though it was possible that appellant's attorneys left the courtroom before the court sent the answer to the jury.

Both counsel for appellant testified that they saw the note from the jury but did not see the court's answer; however, each admitted that he believed the judge was going to send an answer to the jury and he made no objection.

It therefore appears that appellant was present in the court-

room during the transaction and his counsel voiced no objection although they believed the court was going to send an answer to the jury. Under such circumstances, the court's communication with the jury did not constitute reversible error. Barber v. State, 158 Texas Cr. Rep. 561, 258 S.W. 2d 87.

Appellant insists that the court should have granted his motion for new trial because the juror Webber was guilty of corrupt conduct in failing to disclose on his voir dire examination the fact that his wife, who was subpoenaed as a witness in the case but not called, had told him that as she was going down the street she heard a shot and saw a man fall.

Under the record we find nothing in the wife's statement to prejudice the juror against appellant. She did not purport to tell him any details of the shooting and her testimony on motion for new trial shows that she did not know who fired the shot or, until later, who was shot. The evidence was undisputed that appellant shot the deceased.

The record further shows that the name of the juror's wife was listed on the state's application for subpoena of witnesses and on file in the records of the case for six days before the date of trial. It is not shown that the juror was examined on his voir dire examination relative to his wife being a witness in the case or anything she may have told him.

Under the record a lack of diligence is shown on the part of appellant and his counsel in the voir dire examination of the juror. Therefore, his failure to disclose the information did not require that the court grant a new trial. 26 Texas Jur. Sec. 214, p. 776; Waits v. State, 134 Texas Cr. Rep. 65, 113 S.W. 2d 1242.

We find the evidence sufficient to support the jury's verdict and no reversible error appears in the record.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant again insists that formal Bill of Exception No. 5 shows that the trial judge erred because he communicated with the jury other than in open court and in the presence of

appellant and his counsel in violation of the provisions of Arts. 676, 677 and 679, Vernon's Ann. C.C.P.

Bill of Exception No. 5 as prepared and submitted by the appellant to the trial court contains only the following matter in regard to the court's communication with the jury, to wit: "Because the court acted beyond the scope of his statutory authority and contrary to Arts. 676, 677 and 678 CCP which are mandatory, in answering interrogatories propounded by the Jury, and sent to the Judge, other than in open Court with said Jury in a body and in the presence of the defendant."

The trial court certifies in said bill as follows: "When the jury sent an interrogatory to the court, the defendant and his attorneys were in the courtroom. The Court sent an answer back to the jury that he could not answer their question. Neither the defendant nor his attorneys made any objection to what was happening even though it is possible that the defendant's attorneys left the courtroom before the Court had a chance to send an answer to the jury telling them that he could not answer their question."

Appellant accepted the court's qualification of the bill and is bound by the recitals therein. 1 Branch's Ann. P.C., 2nd Ed., 275, Sec. 237.

We have again carefully considered the bill in the light of appellant's contention and remain convinced that it does not show reversible error.

The motion for rehearing is overruled.

Opinion approved by the Court.