In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00061-CR
______________________________


KATHY ANNETTE FRUEBOES, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 178th Judicial District Court
Harris County, Texas
Trial Court No. 888481


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â An inebriated Kathy Annette Frueboes, forty-two years of age, tried to initiate sex with a boy
of thirteen. One critical question on appeal is how far she got. The boy ran away and told his family,
who called police. A jury convicted Frueboes of aggravated sexual assault of a child and assessed
her punishment at five years' confinement, probated. Strangely enough, during the trial, one of the
jurors was arrested and charged with indecent exposure at a local "adult" movie theatre. That, too,
is an issue on appeal.
Â Â Â Â Â Â Â Â Â Â Â Â Frueboes seeks reversal of her conviction asserting (1) the trial court erroneously denied her
motion for mistrial and her motion for new trial made on the basis of a juror's arrest during trial, (2)
the evidence is legally and factually insufficient to prove sexual contact, (3) the trial court
erroneously overruled her motion for mistrial when a witness mentioned Frueboes had been offered
a polygraph examination, and (4)Â inadmissible hearsay testimony was introduced through a medical
witness. We affirm.
"Indecent" Juror
Â Â Â Â Â Â Â Â Â Â Â Â Frueboes argues the trial court erred by not granting her motion for mistrial made after a juror
was arrestedâduring the course of the trialâat a local "adult" theatre and charged with indecent
exposure. Frueboes relies on the rule stating that a defendant must be granted a new trial when "a
juror has been bribed to convict or has been guilty of any other corrupt conduct." Tex. R. App. P.
21.3(d) (emphasis added).
Â Â Â Â Â Â Â Â Â Â Â Â We review a trial court's denial of a mistrial under an abuse of discretion standard. Trevino
v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). Mistrial is an extreme remedy for prejudicial
events occurring during the trial process. See Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim.
App. 1996).
Â Â Â Â Â Â Â Â Â Â Â Â The record shows that, after presentation of evidence ended, the jury deliberated for
approximately two hours and was excused for the evening. That night, one of the jurors was arrested
for public lewdness occurring while he was at an "adult" theatre. The next morning, the trial court
signed a pretrial release bond to get the arrested juror out of custody and back in the courtroom, and
then asked the juror if anything that had occurred since his arrest would make him feel unable to
fulfill his duties as a juror. The juror said he believed he could still be fair. The trial court directed
the juror not to mention the matter to the other jurors. The bailiff pointed out that, though the panel
was unaware of what was happening with the juror in question, the jury was sitting in the public area,
and he was reasonably certain someone on the panel saw the juror escorted into the courtroom. 
Frueboes moved for a mistrial based on the arrest, arguing the juror could not set aside the arrest and
act fairly, and asserting the potential prejudice to Frueboes because of the other jurors' knowledge
that one of them had been arrested. Frueboes' postconviction motion for new trial also asserted this
point.
Â Â Â Â Â Â Â Â Â Â Â Â On appeal, Frueboes argues the court erred by overruling her motion for mistrial and her
motion for new trial. In connection with the denial of the mistrial, Frueboes argues that the mistrial
was required under Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2004). That article
provides a procedure that should be followed if a juror dies or becomes disabled. That argument was
never presented to the trial court, and we may not address it on appeal. See Tex. R. App. P. 33.1.
Â Â Â Â Â Â Â Â Â Â Â Â Frueboes also argues that, under Tex. R. App. P. 21.3(d), we should order a new trial as
required when "a juror has been bribed to convict or has been guilty of any other corrupt conduct." 
Frueboes argues that, because the juror was arrested for public lewdness, corrupt conduct has been
shown and reversal is mandatory.
Â Â Â Â Â Â Â Â Â Â Â Â The granting or denying of a motion for new trial lies within the discretion of the trial court. 
We do not substitute our judgment for that of the trial court, but rather decide whether the trial
court's decision was arbitrary or unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995); State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993).
Â Â Â Â Â Â Â Â Â Â Â Â Frueboes argues that the phrase "corrupt conduct" necessarily should cover a juror's arrest
during trial for conduct involving moral turpitude. The State argues that, because the term "corrupt
conduct" follows the term "bribery," "corrupt conduct" should be limited to activities like bribery. 
The phrase is broader than a specific type of wrongful activity, and we see no reason to read it as
narrowly as the State suggests. See Lamkin v. State, 301 S.W.2d 922 (Tex. Crim. App. 1957); see
generally Powell v. State, 939 S.W.2d 713 (Tex. Crim. App. 1997) (attempted bribery of juror did
not corrupt process).
Â Â Â Â Â Â Â Â Â Â Â Â We believe the rule was not written to cover all types of corrupt conduct wherever
or however committed, but instead contemplates corrupt conduct on the part of the juror in
the performance of his or her duties as a juror.


 The allegation urging the motion for new
trial did not suggest his conduct as a juror was in any way corrupt. Accordingly, we find the
trial court did not abuse its discretion by denying the motion for new trial.
Evidentiary Sufficiency
Â Â Â Â Â Â Â Â Â Â Â Â Frueboes next contends the evidence is factually and legally insufficient to prove her
sexual contact with the complainant. In reviewing the legal sufficiency of the evidence, we
view the relevant evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing
factual sufficiency, we view the evidence in a neutral light, favoring neither party. Id. We
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. Id.
Â Â Â Â Â Â Â Â Â Â Â Â Frueboes focuses her argument on the insufficiency of the evidence to show actual
touching between her genitals and the victim's. The victim testified he thought they did, just
for a second. A doctor repeated the boy's claim in the form of medical testimony. 
Aggravated sexual assault of a child is defined as occurring when an accused intentionally
causes the sexual organ of a child younger than fourteen years of age to contact the sexual
organ of the accused. Tex. Pen. Code Ann. Â§ 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2004).
Â Â Â Â Â Â Â Â Â Â Â Â The victim testified on direct examination his penis did make contact with Frueboes'
vagina. On cross-examination, he was asked if it was possible that it may have only touched
her genital area, to which the victim responded that it was possible. There was some
imprecision in the terminology used. We recognize, however, that "female sexual organ" is
a more general term that refers to the entire female genitalia. See Everage v. State, 848
S.W.2d 357, 358 (Tex. App.âAustin 1993, no pet.). Even though the victim's testimony
about the exact nature of the contact was imprecise, this is hardly unusual when reviewing
the testimony of a child in connection with a sexual assault. Because the victim testified his
penis touched her vagina, the evidence is both legally and factually sufficient to support the
verdict. We overrule this contention of error.
Polygraph Offer
Â Â Â Â Â Â Â Â Â Â Â Â Frueboes next contends the trial court erred by failing to grant her motion for mistrial
after a witness for the State testified Frueboes had been offered a polygraph test. The trial
court sustained Frueboes' objection and instructed the jury to disregard the comment. Her
motion for mistrial was denied.
Â Â Â Â Â Â Â Â Â Â Â Â Counsel correctly points out that the results of a polygraph test are absolutely
inadmissible. Nethery v. State, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985). Further, if a
witness testifies that a defendant refused to take a polygraph test and that testimony is
deemed unduly persuasive, a mistrial may be required. See Kugler v. State, 902 S.W.2d 594,
595â97 (Tex. App.âHouston [1st Dist.] 1995, pet. ref'd) (refusal to take polygraph test
mentioned twice by witness, second time after objection sustained and jury instruction given
to disregard first mention of refusal).
Â Â Â Â Â Â Â Â Â Â Â Â In this case, however, the witness was stopped before so testifying about any refusal. 
The witness testified she normally gives suspects an opportunity to respond and normally
offers a polygraph test, but her testimony was ended at that point when counsel objected. 
After a discussion outside the presence of the jury, the trial court then correctly and strongly
instructed the jury, "Polygraph tests are scientifically unreliable, they are not admissible as
a matter of law in any court in this state. It's scientifically unreliable evidence. So, forget
it was uttered. Disregard it. Don't think about it. Don't discuss it. Proceed." An instruction
to disregard normally cures error, except in extreme cases where it appears that the evidence
is clearly calculated to inflame the minds of the jury and is of such a character as to suggest
the impossibility of withdrawing the impression produced on the jurors' minds. Livingston
v. State, 739 S.W.2d 311 (Tex. Crim. App. 1987); Carter v. State, 614 S.W.2d 821 (Tex.
Crim. App. 1981).
Â Â Â Â Â Â Â Â Â Â Â Â Under these circumstances, we find the testimony was not so extreme as to render the
instruction insufficient. Therefore, the trial court did not abuse its discretion by overruling
the motion for mistrial.
Medical Hearsay
Â Â Â Â Â Â Â Â Â Â Â Â Frueboes next contends the trial court erred by allowing into evidence a medical
report and testimony by Dr. Lara Finnila, a pediatrician who examined the victim during his
visit to the emergency room. Finnila saw the victim about fourteen hours after the incident.
Â Â Â Â Â Â Â Â Â Â Â Â At trial, counsel objected to the admission of the medical records and to Finnila's
testimony, based on relevance. See Tex. R. Evid. 403; Tex. Code Crim. Proc. Ann. art.
38.072 (Vernon Supp. 2004). On appeal, Frueboes argues the evidence was inadmissible as
outcry testimony because the victim was outside the age range of the statute. That is correct,
because this victim was over the age of twelve. Thus, by its own terms, the minor outcry
statute would not support admission of the evidence.
Â Â Â Â Â Â Â Â Â Â Â Â The State offered the evidence as an exception to the hearsay rule as a statement
made for purposes of medical treatment. Counsel did not argue that the hearsay exception
did not apply, but instead made a policy argument that, by applying that exception, the State
had found a way around the Article 38.072 outcry statute which would allow testimony about
the reason for the medical visit, i.e., the sexual assault, into evidence.
Â Â Â Â Â Â Â Â Â Â Â Â The State argues that this appellate argument does not comport with the objections
raised below and that we therefore cannot address the argument. See Dixon v. State, 2
S.W.3d 263 (Tex. Crim. App. 1999). We agree. The objection did not refer to the rule now
cited, but the rule had been specified by the State, and counsel responded to the State's
reasoning with his objection. The relevant objection at trial was that to allow the hearsay
evidence to be admitted would serve to undermine the purpose of the outcry statute, since
this victim did not meet its requirements. On appeal, counsel argues that the evidence was
inadmissible because it was not made for the purpose of medical diagnosis or treatment. See
Tex. R. Evid. 803(4).
Â Â Â Â Â Â Â Â Â Â Â Â That argument was not presented to the trial court for decision and therefore has not
been preserved for our review. See Tex. R. App. P. 33.1.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â March 3, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 31, 2004
Â 
Do Not Publish



mso-footer-margin:1.0in;
 mso-even-header:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") f1;
 mso-first-header:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-131-CV%20In%20re%20Keathley%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-11-00131-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FRANK
KEATHLEY

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Chief Justice Morriss

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Frank Keathley and J.J. Investments
Co., Ltd., were involved in a contract dispute in the 62nd Judicial District
Court in Franklin County, Texas. Â The
amount in controversy, $41,763.50, was placed into the registry of the
court.Â  When the parties reached a
mutually agreeable resolution to the suit, they jointly moved to dismiss the
suit.Â  On March 25, 2011, the trial court
granted the motion, entered an order dismissing the case with prejudice, and
also entered an agreed order to distribute the funds from the registry as follows:Â  $40,000.00 to Keathley, $845.00 to KeathleyÂs
attorney, and $918.50 to J.J. Investments.Â 
Five days later, a Franklin County constable served a writ of execution
on the deputy clerk as a levy against the $41,763.50, which had not yet been
distributed from the registry of the court.Â 
The writ of execution was an attempt to collect on a March 8, 2011,
Smith County, Texas, judgment against Keathley and his wife, Melissa, in favor
of Corbitt Baker, Carroll Bobo, and Mollie Bobo, all doing business as United
Country Bobo Realty.Â  

Â Â Â Â Â Â Â Â Â Â Â  On April 13, 2011, on KeathleyÂs
motion, the trial court granted a temporary restraining order, restraining the constable
from enforcing the levy and restraining the district clerk from releasing the
funds.Â  On May 12, 2011, the trial court
granted a temporary injunction, continuing the restrictions of its temporary
restraining order.Â  

Â Â Â Â Â Â Â Â Â Â Â  Keathley filed a petition for writ
of mandamus, asking this Court to:Â  (1)
order the trial court to vacate or rescind the temporary injunction as it
restrains the clerk from releasing the funds in the registry; (2) order the
clerk to distribute the registry funds as per the agreed order; (3) order the
trial court to declare void the writ of execution and levy; and (4) continue
the temporary injunction against the constable.Â 


Â Â Â Â Â Â Â Â Â Â Â  We may grant a petition for writ of
mandamus when the relator shows there is no adequate remedy at law to redress
the alleged harm and that the act to be compelled is purely ministerial.Â  Aranda
v. Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding)
(citing Winters v. Presiding Judge of
Criminal Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App.
2003)).Â  When a motion is properly filed
and pending before a trial court, considering and ruling on that motion is a
ministerial act and mandamus may issue to compel the trial court to act.Â  In re
Kleven, 100 S.W.3d 643, 644 (Tex. App.ÂTexarkana 2003, orig. proceeding); see also Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.ÂSan Antonio 1997, orig. proceeding).

Â Â Â Â Â Â Â Â Â Â Â  Litigants have a right to an
interlocutory appeal of a trial court order granting or refusing a temporary
injunction or granting or overruling a motion to dissolve a temporary
injunction.Â  See Tex. Civ. Prac. &
Rem. Code Ann. Â§ 51.014 (West Supp. 2011).Â  Because Keathley has an adequate remedy at
law, we deny his petition for writ of mandamus.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief Justice

Â 

Date Submitted:Â Â Â Â 
January 31, 2012Â Â Â Â  Â Â Â Â Â Â Â Â  

Date Decided:Â Â Â Â Â Â 
February 1, 2012Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â