In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________


 

No. 06-09-00167-CR


______________________________





IN RE: CHARLES EUGENE ORANGE









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Charles Eugene Orange has petitioned this Court for a writ of mandamus, making a request
that the trial court be directed to vacate an order previously entered. We find Orange has an adequate
remedy by appeal and therefore deny his request.

 Orange was convicted by a jury of one count of indecency with a child in June 2008. From
the record before us, it appears Orange initially declared his wish to commence serving community
supervision and apparently waived his right to an appeal. However, on or about September 8, 2008,
after a duly filed motion for new trial, Orange filed a notice of appeal with this Court (see Orange
v. State, cause number 06-08-00193-CR). However, the record furnished to us is unclear whether
the trial court ever adequately assessed an appeal bond. See Tex. Code Crim. Proc. Ann. art. 44.04
(Vernon 2006). 

 We have been provided with a July 17, 2008, order titled "Pre-Trial Release Bond." On
July 20, 2009, the State filed a motion to revoke or increase the amount of Orange's bond. After a
hearing on that motion, the trial court decreed Orange could post a bond of $50,000.00 (the previous
"bond" had been $25,000.00) and placed conditions on his conduct or, alternatively, Orange could
begin serving the terms of his community supervision. 

 It is this recent order from the trial court from which Orange seeks mandamus relief. Orange,
admitting that the situation is unusual, has also filed an appeal from the trial court's order raising his
"appeal bond" amount and imposing conditions for his conduct during appeal. 

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion, or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory statutory provision conferring a right or forbidding a particular action. Abor v. Black, 695
S.W.2d 564, 567 (Tex. 1985).

 The Texas Code of Criminal Procedure provides:

 After conviction, either pending determination of any motion for new trial or pending
final determination of the appeal, the court in which trial was had may increase or
decrease the amount of bail, as it deems proper, either upon its own motion or the
motion of the State or of the defendant.

 

Tex. Code Crim. Proc. Ann. art. 44.04(d). Further, the Code allows a trial court to "impose
reasonable conditions on bail pending the finality of his conviction." Tex. Code Crim. Proc. Ann.
art. 44.04(c). Finally, and dispositive to the instant petition for mandamus relief, Article 44.04(g)
provides, "The right of appeal to the Court of Appeals of this state is expressly accorded the
defendant for a review of any judgment or order made hereunder, and said appeal shall be given
preference by the appellate court." Tex. Code Crim. Proc. Ann. art 44.04(g).

 Because Orange has at least one adequate remedy (appeal of the trial court order) other than
mandamus, we deny his request for mandamus relief. 



 

 Bailey C. Moseley

 Justice


Date Submitted: September 23, 2009

Date Decided: September 24, 2009


Do Not Publish




polygraph examination, and (4) inadmissible hearsay testimony was introduced through a medical
witness. We affirm.
"Indecent" Juror
            Frueboes argues the trial court erred by not granting her motion for mistrial made after a juror
was arrested—during the course of the trial—at a local "adult" theatre and charged with indecent
exposure. Frueboes relies on the rule stating that a defendant must be granted a new trial when "a
juror has been bribed to convict or has been guilty of any other corrupt conduct." Tex. R. App. P.
21.3(d) (emphasis added).
            We review a trial court's denial of a mistrial under an abuse of discretion standard. Trevino
v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). Mistrial is an extreme remedy for prejudicial
events occurring during the trial process. See Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim.
App. 1996).
            The record shows that, after presentation of evidence ended, the jury deliberated for
approximately two hours and was excused for the evening. That night, one of the jurors was arrested
for public lewdness occurring while he was at an "adult" theatre. The next morning, the trial court
signed a pretrial release bond to get the arrested juror out of custody and back in the courtroom, and
then asked the juror if anything that had occurred since his arrest would make him feel unable to
fulfill his duties as a juror. The juror said he believed he could still be fair. The trial court directed
the juror not to mention the matter to the other jurors. The bailiff pointed out that, though the panel
was unaware of what was happening with the juror in question, the jury was sitting in the public area,
and he was reasonably certain someone on the panel saw the juror escorted into the courtroom. 
Frueboes moved for a mistrial based on the arrest, arguing the juror could not set aside the arrest and
act fairly, and asserting the potential prejudice to Frueboes because of the other jurors' knowledge
that one of them had been arrested. Frueboes' postconviction motion for new trial also asserted this
point.
            On appeal, Frueboes argues the court erred by overruling her motion for mistrial and her
motion for new trial. In connection with the denial of the mistrial, Frueboes argues that the mistrial
was required under Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2004). That article
provides a procedure that should be followed if a juror dies or becomes disabled. That argument was
never presented to the trial court, and we may not address it on appeal. See Tex. R. App. P. 33.1.
            Frueboes also argues that, under Tex. R. App. P. 21.3(d), we should order a new trial as
required when "a juror has been bribed to convict or has been guilty of any other corrupt conduct." 
Frueboes argues that, because the juror was arrested for public lewdness, corrupt conduct has been
shown and reversal is mandatory.
            The granting or denying of a motion for new trial lies within the discretion of the trial court. 
We do not substitute our judgment for that of the trial court, but rather decide whether the trial
court's decision was arbitrary or unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995); State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993).
            Frueboes argues that the phrase "corrupt conduct" necessarily should cover a juror's arrest
during trial for conduct involving moral turpitude. The State argues that, because the term "corrupt
conduct" follows the term "bribery," "corrupt conduct" should be limited to activities like bribery. 
The phrase is broader than a specific type of wrongful activity, and we see no reason to read it as
narrowly as the State suggests. See Lamkin v. State, 301 S.W.2d 922 (Tex. Crim. App. 1957); see
generally Powell v. State, 939 S.W.2d 713 (Tex. Crim. App. 1997) (attempted bribery of juror did
not corrupt process).
            We believe the rule was not written to cover all types of corrupt conduct wherever
or however committed, but instead contemplates corrupt conduct on the part of the juror in
the performance of his or her duties as a juror.


 The allegation urging the motion for new
trial did not suggest his conduct as a juror was in any way corrupt. Accordingly, we find the
trial court did not abuse its discretion by denying the motion for new trial.
Evidentiary Sufficiency
            Frueboes next contends the evidence is factually and legally insufficient to prove her
sexual contact with the complainant. In reviewing the legal sufficiency of the evidence, we
view the relevant evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing
factual sufficiency, we view the evidence in a neutral light, favoring neither party. Id. We
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. Id.
            Frueboes focuses her argument on the insufficiency of the evidence to show actual
touching between her genitals and the victim's. The victim testified he thought they did, just
for a second. A doctor repeated the boy's claim in the form of medical testimony. 
Aggravated sexual assault of a child is defined as occurring when an accused intentionally
causes the sexual organ of a child younger than fourteen years of age to contact the sexual
organ of the accused. Tex. Pen. Code Ann. § 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2004).
            The victim testified on direct examination his penis did make contact with Frueboes'
vagina. On cross-examination, he was asked if it was possible that it may have only touched
her genital area, to which the victim responded that it was possible. There was some
imprecision in the terminology used. We recognize, however, that "female sexual organ" is
a more general term that refers to the entire female genitalia. See Everage v. State, 848
S.W.2d 357, 358 (Tex. App.—Austin 1993, no pet.). Even though the victim's testimony
about the exact nature of the contact was imprecise, this is hardly unusual when reviewing
the testimony of a child in connection with a sexual assault. Because the victim testified his
penis touched her vagina, the evidence is both legally and factually sufficient to support the
verdict. We overrule this contention of error.
Polygraph Offer
            Frueboes next contends the trial court erred by failing to grant her motion for mistrial
after a witness for the State testified Frueboes had been offered a polygraph test. The trial
court sustained Frueboes' objection and instructed the jury to disregard the comment. Her
motion for mistrial was denied.
            Counsel correctly points out that the results of a polygraph test are absolutely
inadmissible. Nethery v. State, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985). Further, if a
witness testifies that a defendant refused to take a polygraph test and that testimony is
deemed unduly persuasive, a mistrial may be required. See Kugler v. State, 902 S.W.2d 594,
595–97 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (refusal to take polygraph test
mentioned twice by witness, second time after objection sustained and jury instruction given
to disregard first mention of refusal).
            In this case, however, the witness was stopped before so testifying about any refusal. 
The witness testified she normally gives suspects an opportunity to respond and normally
offers a polygraph test, but her testimony was ended at that point when counsel objected. 
After a discussion outside the presence of the jury, the trial court then correctly and strongly
instructed the jury, "Polygraph tests are scientifically unreliable, they are not admissible as
a matter of law in any court in this state. It's scientifically unreliable evidence. So, forget
it was uttered. Disregard it. Don't think about it. Don't discuss it. Proceed." An instruction
to disregard normally cures error, except in extreme cases where it appears that the evidence
is clearly calculated to inflame the minds of the jury and is of such a character as to suggest
the impossibility of withdrawing the impression produced on the jurors' minds. Livingston
v. State, 739 S.W.2d 311 (Tex. Crim. App. 1987); Carter v. State, 614 S.W.2d 821 (Tex.
Crim. App. 1981).
            Under these circumstances, we find the testimony was not so extreme as to render the
instruction insufficient. Therefore, the trial court did not abuse its discretion by overruling
the motion for mistrial.
Medical Hearsay
            Frueboes next contends the trial court erred by allowing into evidence a medical
report and testimony by Dr. Lara Finnila, a pediatrician who examined the victim during his
visit to the emergency room. Finnila saw the victim about fourteen hours after the incident.
            At trial, counsel objected to the admission of the medical records and to Finnila's
testimony, based on relevance. See Tex. R. Evid. 403; Tex. Code Crim. Proc. Ann. art.
38.072 (Vernon Supp. 2004). On appeal, Frueboes argues the evidence was inadmissible as
outcry testimony because the victim was outside the age range of the statute. That is correct,
because this victim was over the age of twelve. Thus, by its own terms, the minor outcry
statute would not support admission of the evidence.
            The State offered the evidence as an exception to the hearsay rule as a statement
made for purposes of medical treatment. Counsel did not argue that the hearsay exception
did not apply, but instead made a policy argument that, by applying that exception, the State
had found a way around the Article 38.072 outcry statute which would allow testimony about
the reason for the medical visit, i.e., the sexual assault, into evidence.
            The State argues that this appellate argument does not comport with the objections
raised below and that we therefore cannot address the argument. See Dixon v. State, 2
S.W.3d 263 (Tex. Crim. App. 1999). We agree. The objection did not refer to the rule now
cited, but the rule had been specified by the State, and counsel responded to the State's
reasoning with his objection. The relevant objection at trial was that to allow the hearsay
evidence to be admitted would serve to undermine the purpose of the outcry statute, since
this victim did not meet its requirements. On appeal, counsel argues that the evidence was
inadmissible because it was not made for the purpose of medical diagnosis or treatment. See
Tex. R. Evid. 803(4).
            That argument was not presented to the trial court for decision and therefore has not
been preserved for our review. See Tex. R. App. P. 33.1.
            We affirm.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
 
Date Submitted:          March 3, 2004
Date Decided:             March 31, 2004
 
Do Not Publish